**GRANT & EISENHOFER P.A.**
M. Elizabeth Graham (Cal. Bar No. 143085)
201 Mission Street, Suite 1200
San Francisco, California 94105
Tel: 415-293-8210
Fax: 415-789-4367
egraham@gelaw.com

**GRANT & EISENHOFER P.A.**
Kimberly A. Evans *(pro hac vice forthcoming)*
Samuel Mukiibi *(pro hac vice forthcoming*)
Carla Agbiro *(pro hac vice forthcoming)*
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
Tel: (302) 622-7086
kevans@gelaw.com

*Attorneys for Plaintiffs*

[additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen, and AL OTRO LADO, INC., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE OF INSPECTOR GENERAL, <br><br> Defendants. | CASE NO. _____ <br><br><br> **COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

**PRELIMINARY STATEMENT**

1.      Benjamin James Owen ("Ben") was a 39-year-old British national who died in Defendant U.S. Immigration and Customs Enforcement ("ICE") custody on January 25, 2020. At the time of his wrongful detention, Ben was lawfully residing in the United States with his U.S. citizen wife and their three-month-old daughter subject to a Period of Stay Authorized by the U.S. Attorney General ("APOSABAG").  ICE improperly issued an immigration detainer request for Ben that lacked legal basis.  The illegal detainer request was honored by the Volusia County Department of Corrections.  Ben was then transferred into ICE custody and taken to the Baker County Detention Center ("BCDC") in Macclenny, Florida, where he was unlawfully detained.  ICE's unlawful detainer and Ben's subsequent improper detention at BCDC, a facility with a well-known track record of significant issues and extremely poor conditions, resulted in Ben's untimely and tragic death by alleged suicide a mere nine days after his unlawful incarceration at BCDC began.

2.      Ben's death is not an outlier.  It is one of the many deaths of persons in ICE custody, which have alarmingly and horrifically increased over the past decade.  ICE in-custody deaths have provoked significant and widespread public outcry for change, reform, and even abolition of ICE's deadly detention system.  Ben's death is thus part of a larger systemic breakdown of the federal government's detention program.  This context provides the reason why Ben's case has become a significant part of a broader effort to prevent additional deaths under ICE's watch, including widespread efforts by Plaintiff Al Otro Lado, Inc. ("AOL") to inform the public about these issues and advocate for changes in the federal detention system.

3.      This action is brought pursuant to the Freedom of Information Act (the "FOIA" or the "Act"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, to obtain improperly withheld records concerning Ben's untimely death and records generally concerning the in-custody deaths of other persons detained by ICE.  Pursuant to various FOIA requests, Plaintiffs seek records from Defendants ICE, DHS Office of Inspector General ("DHS-OIG"), and the DHS Office for Civil Rights and Civil Liberties ("DHS-CRCL," and collectively with ICE and DHS-OIG, the "Defendants").  Defendants have both failed to acknowledge

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiffs' various FOIA requests, as required by law, and have otherwise failed to adequately respond to Plaintiffs' FOIA requests, all in violation of the Act.

4.      Plaintiffs seek a declaration that Defendants have improperly withheld records that will shed light on the circumstances surrounding Ben's death, similar abuses at ICE detention centers and injunctive relief requiring Defendants to immediately process and release the requested records.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).  Plaintiffs' request for declaratory and other relief is properly subject to this Court's subject-matter jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(F) and 28 U.S.C. §§ 1331, 2201(a), and 2202.

6.      Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (e)(1).

7.      Plaintiffs have constructively exhausted all administrative remedies in connection with their FOIA requests, as detailed below.

## PARTIES

8.      Plaintiff Tammy Jane Owen ("Tammy") is an adult resident of Daytona Beach, Florida.  She is the widow of Ben, and brings this action in her capacity as the court-appointed personal representative of Ben's estate pursuant to an Order entered on August 13, 2021 in the matter captioned *In Re: Estate of Ben James Owen,* Deceased, File No. 2021-11802-PRDL, Circuit Court of the Seventh Judicial District, Volusia County.  *See* **Exhibit A**.

9.      Plaintiff AOL (together with Tammy, the "Plaintiffs" and each a "Plaintiff") is a non-profit, non-partisan, binational organization based primarily in Los Angeles, California and in Tijuana, Baja California, Mexico.  AOL is a legal services organization serving indigent deportees, migrants, refugees, and their families.  AOL's mission is to coordinate and to provide screening, advocacy, and legal representation for individuals in immigration proceedings and detained by DHS, to seek redress for civil rights violations, and to provide assistance with other legal and social service needs.  AOL regularly provides information and analysis to the media

and the general public, as well as to international human rights advocacy organizations and human rights monitoring bodies. AOL actively shares and publicly disseminates information about its work and conditions on the U.S.-Mexico border and in immigration detention through its various social media accounts and website. Disseminating information to the public is a critical component of AOL's work, which AOL does at no cost to the public. AOL's #DetentionKills project conducts transparency and accountability work on behalf of family and community members of people who die in DHS custody. Since May 2018, #DetentionKills has employed the MuckRock platform to make requests of DHS agency components regarding, *inter alia*, in-custody deaths and DHS's oversight of the detention system.

10.     Defendant ICE is an agency within the meaning of 5 U.S.C. § 552(1)(f). ICE has possession, custody, and control of records responsive to Plaintiffs' FOIA requests.

11.     Defendant DHS-CRCL is an agency within the meaning of 5 U.S.C. § 552(1)(f). CRCL has possession, custody, and control of records responsive to one of Plaintiffs' FOIA requests.

12.     Defendant DHS-OIG is an agency within the meaning of 5 U.S.C. § 552(1)(f). CRCL has possession, custody, and control of records responsive to one of Plaintiffs' FOIA requests.

## **FACTS**

### **A.     BEN'S UNLAWFUL SEIZURE AND DETENTION**

13.     On July 23, 2019, and continuing until his untimely death on January 25, 2020, Ben lawfully entered and thereafter lawfully resided in the United States on an O2 Visa (the "O2 Visa"). The O2 Visa expired on December 10, 2019.

14.     Prior to the expiration date of the O2 Visa, on December 9, 2019, Ben lawfully and timely submitted an Adjustment of Status (AOS) application on the basis of his marriage to Plaintiff Tammy, a U.S. citizen.

15.     Due to his AOS application, Ben was subject to APOSABAG which allowed Ben to lawfully reside in the United States while his application to adjust his status and become a

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

United States citizen was pending (including allowing Ben to lawfully reside in the United States past December 10, 2019, the expiration date of his O2 Visa).

16.     On January 13, 2020, a judge in the Volusia County Circuit Court, Florida, ordered Ben's release on his own recognizance in relation to criminal charge(s) pending against Ben that served as the only legal basis for his pre-trial detention in Volusia County Jail in Daytona Beach, Florida.

17.     However, in violation of the Fourth Amendment's requirement that any custodial deprivation of liberty be supported by a warrant and probable cause, Volusia County and the Volusia County Department of Corrections failed to free Ben upon the Court's January 13, 2020 order that Ben be released on his own recognizance.  *See generally Roy v. Cnty. of Los Angeles et al.*, 2018 WL 914773 (C.D. Cal. Feb. 7, 2018); *see also* Roy v. County of Los Angeles, ACLU SOUTHERN CALIFORNIA, *available at* https://www.aclusocal.org/en/cases/roy-v-county-los-angeles (last accessed Jan. 25, 2022).

18.     While Defendants have unlawfully withheld a copy of the Form I-247 Immigration Detainer requested by Plaintiff Tammy as part of the Owen FOIA Request, Ben's estate alleges, upon information and belief, that the sole basis for Ben's continued imprisonment following the January 13, 2020 Order that Ben be released on his own recognizance was ICE's warrantless immigration detainer request.

19.     On or about January 13, 2020 or January 14, 2020, U.S. Enforcement and Removal Operations ("ERO") agents arrested Ben without probable cause and served him with a Notice to Appear (Form I-862) that charged him with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act, 8 USC § 1101, *et seq.* (the "INA").

20.     Contrary to ICE's public statements,[1] at the time of this unlawful arrest, Ben resided in the United States lawfully pursuant to APOSABAG triggered by Ben's lawfully and

---

[1] *See* U.S. Immigration and Customs Enforcement (ICE) Detainee Death Report: OWEN, Ben James, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ENFORCEMENT AND REMOVAL OPERATIONS (Feb. 27, 2020), https://www.aila.org/File/Related/18121905r.pdf (last accessed Jan. 25, 2022); United Kingdom man in ICE custody passes away in Florida, Detainee Death Notifications, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (Jan. 27, 2020), https://www.ice.gov/news/releases/united-kingdom-man-ice-custody-passes-away-florida (last accessed Jan. 25, 2022).

1  timely AOS application that had been submitted on the basis of his marriage to Plaintiff Tammy,

2  a U.S. citizen.

3      21.    On information and belief, no ICE ERO official took any action to formally

4  revoke Ben's APOSABAG prior to issuing the detainer request or even after his seizure and

5  detention by ICE, in violation of the Administrative Procedure Act ("APA") and the Due Process

6  Clause of the Fifth Amendment.

7      22.    Indeed, ICE affirmatively misled Congress by transmitting a congressionally-

8  mandated detainee death report regarding Ben's death that omitted the material fact that he had

9  timely applied for an adjustment of status and triggered his APOSABAG.

10     23.    ICE's issuance of an immigration detainer request and seizure of Ben was

11 unlawful because ERO transmitted it without first securing a probable cause determination by a

12 neutral magistrate that the Fourth Amendment requires.

13     24.    This fact resulted in Ben's subsequent unlawful detention by ICE at BCDC in

14 violation of Ben's rights under the Fourth and Fifth Amendments.

15     25.    ICE subsequently failed to provide Ben with his constitutionally-protected rights

16 to a prompt probable cause determination within forty-eight hours of his federal arrest.  *See*

17 *generally Riverside v. McLaughlin*, 500 U.S. 44 (1991).

18     26.    While ICE often justifies its serial deprivation of this right to noncitizens on the

19 basis that their detention is "civil" in nature, ICE transferred Ben to BCDC, a facility which was

20 designed by and for ***criminal*** incarceration.  *See King v. Cnty. of Los Angeles*, 885 F.3d 548 (9th

21 Cir. 2018) (holding that civilly confined people must be held in conditions less restrictive than

22 those held in criminal detention).

23     27.    On January 25, 2020, twelve days from the date of his initial detention by Volusia

24 County and a mere nine days from the date that his unlawful incarceration at BCDC began, Ben

25 died by alleged suicide while in custody.

26     28.    On or around January 28, 2020, Plaintiff Tammy was notified of Ben's death—

27 this notification came ***three entire days*** after Ben's passing.  ICE and BCDC's failure to notify

28 Tammy, as Ben's spouse, of his death is in violation of ICE detainee notification procedures.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

29.    Moreover, upon any in-custody death alleged to have occurred by suicide, ICE is further required to conduct a psychological forensic autopsy of the decedent, which includes conducting interviews of individuals that are likely to possess knowledge relevant to the decedent's death, including close friends and family members.  Upon information and belief, ICE never conducted this required psychological forensic autopsy for Ben, nor has Tammy, as Ben's widow, ever been contacted about same.

**B.    SIGNIFICANT PUBLIC INTEREST AND OUTCRY IN BEN'S UNTIMELY DEATH**

30.    Ben's death drew significant public outcry and media attention.[2]  It also prompted an investigation by the British Consul General.

31.    Not only has Ben's death garnered significant public interest, but it unfortunately is another horrific example of a widespread issue of repeated in-custody deaths of persons detained by ICE.  *See, e.g.,* Cathrin E. Shoichet, The death toll in ICE custody is the highest it's been in 15 years, CNN, Sept. 30, 2020,  https://www.cnn.com/2020/09/30/us/ice-deaths-detention-2020/index.html (last accessed Jan. 25, 2022); Grace Vitaglione & Sammy Sussman, Families, activists, ACLU question ICE's accounting of deaths in detention, IRW: INVESTIGATIVE      REPORTING      WORKSHOP,      Nov.      15,      2021, https://investigativereportingworkshop.org/investigation/dying-in-silence/ (last accessed Jan. 25, 2022).

32.    Ben's death is thus not an outlier.  Over the past decade, there have been an increasing number of ICE in-custody deaths at detention facilities like BCDC—criminal jail facilities that ICE contracts with to "civilly" detain persons pending removal proceedings.  At the time of his death, Ben was the third person to end his life in ICE custody for the 2020 fiscal

---

[2] *See e.g.*, Hamed Aleaziz, A British Man Has Become The Fifth Immigrant to Die in ICE Custody     Since     October,     BUZZFEED     NEWS,     Jan.     7,     2022, https://www.buzzfeednews.com/article/hamedaleaziz/british-immigrant-dies-ice-custody   (last accessed Jan. 25, 2022); Camilo Montoya-Galvez, Death of British Immigrant Marks Third Apparent   Suicide   in   ICE   Custody   in   4   Months,   CBS   NEWS,   Jan.   7.   2022, https://www.cbsnews.com/news/death-of-british-immigrant-marks-third-apparent-suicide-in-ice-custody-in-4-months/ (last accessed Jan. 25, 2022); Bev Holder, Wife's Heartbreak After Ben   Owen   Dies   in   US   Detention   Centre,   DUDLEY   NEWS,   Jan.   7,   2022, https://www.dudleynews.co.uk/news/18213064.wifes-heartbreak-ben-owen-dies-us-detention-centre/ (last accessed Jan. 25, 2022).

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

year, and the fifth person to die in ICE custody in four months.[3]  This pattern is alarming and has provoked widespread public outcry for change, reform, and even abolition of ICE's deadly detention system.[4]

33.    Given ICE's widely reported atrocities and the alarming number of deaths of persons in ICE custody, it is unsurprising that Ben's death has become another horrifying example of a larger systemic breakdown of the federal government's detention program.  This context is also the reason why Ben's case is a significant part of a broader effort to prevent additional deaths under ICE's watch.

34.    The records sought by Plaintiffs' FOIA requests are thus critical to informing the public about the process by which the U.S. government issues immigration detainers and thereafter ensures the safety and welfare of persons in its custody.  These records also inform the public's significant interest in their government's decisions concerning the allocation and use of U.S. tax revenues for the detention of non-citizens.

C.    **ICE'S UNLAWFUL FAILURE TO ACKNOWLEDGE OR RESPOND TO PLAINTIFFS' FOIA REQUESTS**

1.    **Plaintiff Tammy's FOIA Request Regarding Ben James Owen**

35.    On July 22, 2021, Plaintiff Tammy submitted a FOIA request to ICE by way of its listed email, ICE-FOIA@dhs.com (the "Owen FOIA Request").  *See* **Exhibit B**.

36.    The Owen FOIA Request sought the release of the following records:

a.    Any and all documents, logs, case notes, database entries, and forms that make any reference to Owen, were signed by him, or are in his case file.

b.    Any and all records of investigations, inspections, audits, and reports pertaining to Owen within the possession of ICE beginning from July 23, 2019 when he was taken into ICE custody through the present.

---

[3] *See* U.S. Immigration and Customs Enforcement, Detainee Death Reporting, Jan. 7, 2022, https://www.ice.gov/detain/detainee-death-reporting (last accessed Jan. 25, 2022).

[4] *See generally* P. Parmar, et. al, Mapping factors associated with deaths in immigration detention in the United States, 2011-2018: A thematic analysis, https://doi.org/10.1016/j.lana.2021.100040 (last accessed Jan. 25, 2022).

c.   Any and all investigations, inspections, reports, audits, notes, and communications pertaining to the death and surrounding circumstances of Owen within the possession of ICE from July 23, 2019 through the present, including but not limited to:

  i.   Any and all medical and mental health records, reports, notes, forms, complaints, incident reports, supplementary reports, witness statements, daily activity logs, incident detail reports, media requests and responses to media request, and video and audio recordings.

d.   Any and all records pertaining to Owen's detention, including but not limited to:

  i.   Any and all detainee location logs, kites, grievances, responses to kites and grievances, and medical and mental health screenings and assessments.

e.   Any and all records pertaining to any investigations of the circumstances surrounding Owen's arrest, detention, and death that are being conducted by ICE, ICE Office of Professional Responsibility, ICE Office of Detention Oversight, or any other DHS entity or any other government entity, including but not limited to, a detainee death review and root cause analysis, and including all drafts of same.

f.   Any and all communications, memorandums, and media pertaining to Ben Owen within the possession of ICE from July 23, 2019 to present, including but not limited to:

  i.   Any and all email exchanges, text messages, slack, snapchat, voicemail, and all other electronic communications.

  ii.   Any and all media requests, responses to media requests, notes, reports, and database entries.

  iii.   Any and all video and audio.

g.   Any and all requests for records within possession of ICE that pertain to Owen generated from July 23, 2019 to the present, including but not limited to:

  i.   Any and all requests received by ICE pursuant to 5 U.S.C. §552 *et. seq.* or any other legal authority authorizing the release of records to the public.

h.   Any and all documents or copies thereof that may have accompanied Owen when he was transferred from Volusia County Branch Jail to BCDC, including but not limited to:

  i.   Any Form I-216 and/or appropriate copies of Form I-77, Baggage Check (or IGSA equivalent);

  ii.   Any Form USM-553 or local Medical Transfer Summary form;

8

    iii.    Any Form 1-213, Record of Deportable/Inadmissible Alien Form;

    iv.    Any original or photocopy of Form I-203/203A, Order to Detain/Release Alien;

    v.    Any Detainee Transfer Checklist;

    vi.    Any age verification documents (if applicable);

    vii.    Any copy or printout of all previous Post Order Custody Reviews (POCRs) and travel document requests in a property envelope fastened to the file;

    viii.    Any classification sheet;

    ix.    Any charging documents/records of proceedings;

    x.    Any certified copies of convictions;

    xi.    Any fingerprint cards;

    xii.    Any photographs; and

    xiii.    Any printouts from the Central Index System (CIS), ENFORCE and the FBI NCIC database.

    i.    A complete copy of the government's file for A# "219403429" or A# "219 403 429" or A# "219-403-429."

    j.    Any other reports or memoranda pertaining to the death or detention of Owen.

37.    To date, ICE has not acknowledged or responded to the Owen FOIA Request.

38.    On both September 14, 2021 and September 16, 2021, Plaintiff Tammy sent correspondence to ICE inquiring as to the status of the Owen FOIA Request and requesting a date certain by which a response to the Owen FOIA Request would be received. To date, ICE has not responded to either correspondence.

39.    On October 13, 2021, Plaintiff Tammy resubmitted the Owen FOIA Request to ICE by uploading it to ICE's online FOIA portal. *See* **Exhibit C**. Once again, to date ICE has not acknowledged or responded to the re-submitted Owen FOIA Request.

40.    On November 18, 2021, Plaintiff Tammy sent an e-mail to FOIA Officer Fernando Pineiro inquiring about the status of the Owen FOIA Request. *See* **Exhibit D**. To date, Plaintiff Tammy has not received any response to this email.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

41.    As of the date of this filing – ___*187 days after submission of the initial request*___ – ICE has not responded to the Owen FOIA Request or produced any records in response to this request in violation of the FOIA.

42.    With respect to the Owen FOIA Request, and despite the significant public interest in Ben's death as articulated herein, ICE has failed to: (1) confirm receipt of the Owen FOIA Request and provide the necessary tracking number; (2) notify Plaintiff Tammy of any determination regarding the Owen FOIA Request, including the full scope of any responsive records the agency intends to produce or withhold and the reasons for any withholdings, thereby violating the timing requirements of the FOIA; and (3) produce all relevant requested records or alternatively demonstrate that the requested records are lawfully exempt from production as required by the FOIA.

43.    Plaintiff Tammy has constructively exhausted her administrative remedies because ICE has failed to make a determination in response to the Owen FOIA Request within the time period required by law.  Given this fact, Plaintiff Tammy seeks immediate judicial review.

### 2.    Plaintiff AOL's FOIA Request Regarding 2021 ICE Detention Significant Incident Reports Organized By Field Office

44.    On August 9, 2021, Plaintiff AOL sent ICE a FOIA request to obtain records concerning all 2021 Significant Incident Reports ("SIRS") from ICE detention centers organized by field office (the "SIRS FOIA Request").  *See* **Exhibit E**.

45.    The SIRS FOIA Request requested records including, but not limited to:

a.    All Significant Incident Reports submitted by ICE detention contractors, ICE personnel, or other DHS personnel regarding significant incidents in ICE detention centers occurring from January 20, 2021 to the present.

b.    Any records reflecting the total number of Significant Incident Reports by Field Office.

c.    Any records reflecting ICE leadership's response to each Significant Incident Report received on or after January 20, 2021.

46.    On September 7, 2021, October 7, 2021, November 8, 2021, December 8, 2021, and January 7, 2022, Plaintiff AOL sent correspondence to ICE annexing the SIRS FOIA

1  Request and inquiring as to when a response would be received.  To date, ICE has also failed to

2  respond to any of these communications.

3       47.    As of the date of this filing – ___169 days after submission of the initial request___ –

4  ICE has not responded to the SIRS FOIA Request or produced any records in response to this

5  request in violation of the FOIA.

6       48.    Plaintiff AOL has constructively exhausted its administrative remedies because

7  ICE has failed to make a determination in response to the SIRS FOIA Request within the time

8  period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial review.

9       **3.    Plaintiff AOL's FOIA Request Regarding ICE Health Service Corps
          Mortality and Significant Event Notification Reviews**
10

11      49.    On September 2, 2019, Plaintiff AOL sent ICE a FOIA request regarding ICE

12  Health Service Corps' ("IHSC") mortality reviews and Significant Event Notification ("SEN")

13  reviews (the "IHSC FOIA Request").  *See* **Exhibit F.**

14      50.    The IHSC FOIA Request requested "all Mortality Reviews created by the

15  Immigrant Health Services Corps regarding any death in ICE custody from January 1, 2015

16  through the present.  These reviews will be found in the Medical Quality Management Unit

17  ("MQMU") SharePoint Folder as described by, *e.g.*, Section F.1.B (page 7) of IHSC's Mortality

18  Review Policy.  [*See*] https://www.documentcloud.org/documents/6025551-IHSC-Operations-

19  Memorandum-Mortality-Review.html."  *Id.*

20      51.    To date, ICE has failed to provide any acknowledgement, tracking number, or

21  response to the IHSC FOIA Request.

22      52.    On June 26, 2020, Plaintiff AOL resubmitted the IHSC FOIA Request.

23      53.    That same day, ICE acknowledged receipt of the resubmitted IHSC FOIA

24  Request and assigned it tracking number 2020-ICFO-58271.

25      54.    On September 2, 2021, Plaintiff AOL again resubmitted the IHSC FOIA Request.

26      55.    On September 29, 2021, ICE acknowledged receipt of the September 2, 2021

27  resubmitted IHSC FOIA Request and corrected the received date to September 2, 2021.

28

56.     As of the date of this filing – ***876 days after submission of the initial request*** – ICE has not responded to the IHSC FOIA Request or produced any records in response to this request in violation of the FOIA.

57.     Plaintiff AOL has constructively exhausted its administrative remedies because ICE has failed to make a determination in response to the IHSC FOIA Request within the time period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial review.

**4.     Plaintiff AOL's FOIA Request Regarding Detainee Death Investigation Policies & Procedures**

58.     On May 9, 2019, Plaintiff AOL sent ICE a FOIA request regarding detainee death investigation policies and procedures (the "Policies and Procedures FOIA Request"). *See* **Exhibit G.**

59.     The Policies and Procedures FOIA Request requested records including, but not limited to:

a.     Each Root Cause Analysis created by the Immigrant Health Services Corps ("IHSC") for any Sentinel Event identified in the IHSC Continuous Quality Improvement ("CQI") Activities Guide (Mar. 25, 2016) since the policy's inception.

b.     Each Quarterly Report created pursuant to the IHSC CQI Activities Guide.

60.     As stated within the Policies and Procedures FOIA Request, "[t]hese records are believed to exist within the Immigrant Health Services Corps' D.C. Office.  Expected Custodians are Dr. Stewart D. Smith and IHSC's information management systems of records.  The time period for this search is March 25, 2016 through the date the agency tasks an adequate search." *Id.*

61.     On May 21, 2019, ICE acknowledged receipt of the Policies and Procedures FOIA Request and assigned it tracking number 2019-ICFO-38993.

62.     On July 3, 2019, Plaintiff AOL received correspondence from ICE stating that the Policies and Procedures FOIA Request was "currently in the queue to be processed by an analyst."

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

63.     As of the date of this filing – ***992 days after submission of the initial request*** –
ICE has not responded to the Policies and Procedures FOIA Request in violation of the FOIA.

64.     Plaintiff AOL has constructively exhausted its administrative remedies because
ICE has failed to make a determination in response to the Policies and Procedures FOIA Request
within the time period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial
review.

**5.      Plaintiff AOL's FOIA Request Regarding IHSC Mortality Reviews**

65.     On May 8, 2019, Plaintiff AOL sent ICE a FOIA request regarding IHSC
mortality reviews (the "Mortality Reviews FOIA Request").  *See* **Exhibit H.**

66.     The Mortality Reviews FOIA Request requested "[a]ll Immigrant Health
Services Corps (IHSC) Mortality Reviews created since January 1, 2017." *Id.*

67.     On May 17, 2019, ICE acknowledged receipt of the Mortality Reviews FOIA
Request and assigned it tracking number 2019-ICFO-38745.

68.     As of the date of this filing– ***993 days after submission of the initial request*** –
ICE has provided no response to the Mortality Reviews FOIA Request in violation of the FOIA.

69.     Plaintiff AOL has constructively exhausted its administrative remedies because
ICE has failed to make a determination in response to the Mortality Reviews FOIA Request
within the time period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial
review.

**6.      Plaintiff AOL's FOIA Request Regarding Open DHS Death
          Investigations**

70.     On May 10, 2019, Plaintiff AOL sent ICE a FOIA request regarding open DHS
death investigations (the "ICE Death Investigation FOIA Request").  *See* **Exhibit I**.

71.     The ICE Death Investigation FOIA Request requested records, including, but not
limited to:

    a.      Electronic records evidencing or describing the total number of open
        investigations into deaths of individuals in DHS custody (including ICE
        and CBP) as of May 8, 2019.

    b.      Any records showing the case number, responsible agency or agencies,
        and status of each investigation identified in Item 1 above.

72.     On May 22, 2019, ICE acknowledged receipt of the ICE Death Investigation FOIA Request and assigned it tracking number 2019-ICFO-39213.

73.     On July 22, 2019, ICE provided Plaintiff AOL a final response to the ICE Death Investigation FOIA Request.  In its response, ICE alleged that all records responsive to this request would be withheld from production under FOIA Exemption   (7)(A), as "records or information compiled for law enforcement records or information  . . . .[that] could reasonably be expect to interfere with law enforcement proceedings."  *Id.*

74.     In its response, ICE also reserved the right to assert withholdings under FOIA Exemptions 5, 6, 7(C), 7(D), and 7(F) "when FOIA Exemption (b)(7)(A) no longer applies."  *Id.*

75.     On July 29, 2019, Plaintiff AOL timely appealed ICE's categorical withholding of agency records in its response to the ICE Death Investigation FOIA Request.  In its appeal, Plaintiff AOL challenged ICE's blanket application of FOIA Exemption 7(A) to all records responsive to this request, which included the agency's withholding of records that would not reveal identifying information regarding any specific investigation.

76.     On August 8, 2019, ICE's Government Information Law Division acknowledged receipt of Plaintiff AOL's appeal and assigned the appeal tracking number 2019-ICAP-00532.

77.     On September 5, 2019, ICE determined, contrary to its initial determination to withhold all responsive records, that there in fact existed non-exempt information that could be released to Plaintiff AOL in response to the ICE Death Investigation FOIA Request.  Given that determination, ICE remanded the ICE Death Investigation FOIA Request to the ICE FOIA Office for reprocessing.

78.     On September 27, 2019, ICE sought clarification of the ICE Death Investigation FOIA Request and whether its specificity of May 8, 2019 was "asking that [ICE] search records since that date or up to that date?"

79.     On September 28, 2019, Plaintiff AOL advised ICE that the ICE Death Investigation FOIA request sought records reflecting open DHS investigations as of May 8, 2019 and that responsive records would demonstrate how many cases were open and being

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

investigated on that date (as opposed to cumulatively prior to that date or closed investigations as of that date).

80.    On December 5, 2019, January 3, 2020, February 3, 2020, and March 4, 2020, Plaintiff AOL sent correspondence to ICE annexing the ICE Death Investigation FOIA Request and inquiring as to when a response would be received.

81.    On September 29, 2021, ICE sent correspondence to Plaintiff AOL again acknowledging receipt of the ICE Death Investigation FOIA Request.

82.    As of the date of this filing – ***991 days after submission of the initial request*** – ICE has provided no substantive response, or otherwise produced records responsive to the ICE Death Investigation FOIA Request in violation of the FOIA.

83.    Plaintiff AOL has constructively exhausted its administrative remedies because ICE has failed to make a determination in response to the ICE Death Investigation FOIA Request within the time period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial review.

**D.    DHS-CRCL'S UNLAWFUL FAILURE TO ACKNOWLEDGE OR RESPOND TO PLAINTIFF AOL'S FOIA REQUEST REGARDING OPEN DHS DEATH INVESTIGATIONS AS OF MAY 8, 2019**

84.    On May 17, 2019, Plaintiff AOL sent DHS-CRCL two identical FOIA requests via both email and through DHS-CRCL's online FOIA portal regarding DHS death investigations that were currently open and ongoing (together referred to as the "CRCL Death Investigation FOIA Request").  *See* **Exhibit J**.

85.    The CRCL Death Investigation FOIA Request requested records including, but not limited to:

a.    Electronic records evidencing or describing the total number of open investigations into deaths of individuals in DHS custody (including ICE and CBP) as of May 8, 2019.

b.    Any records showing the case number, responsible agency or agencies, and status of each investigation identified in Item 1 above.

15

86.     On June 25, 2019, Plaintiff AOL sent correspondence to DHS-CRCL annexing the CRCL Death Investigation FOIA Request and inquiring as to when a response would be received.

87.     As of the date of this filing – ___**984 days after submission of initial requests**___ – DHS-CRCL has failed to provide any acknowledgement, tracking number, or response to the CRCL Death Investigation FOIA Request in violation of the FOIA.

88.     Plaintiff AOL has constructively exhausted its administrative remedies because DHS-CRCL has failed to make a determination in response to the CRCL Death Investigation FOIA Request within the time period required by law.  Given this fact, Plaintiff AOL seeks immediate judicial review.

**E.     DHS-OIG's Unlawful Failure To Respond To Plaintiff AOL's FOIA Request Regarding Open DHS Death Investigations as of May 8, 2019**

89.     On May 17, 2019, Plaintiff AOL sent DHS-OIG a FOIA request regarding DHS death investigations that were currently open and ongoing (the "OIG Death Investigation FOIA Request," and collectively with the Owen FOIA Request, the SIRS FOIA Request, the IHSC FOIA Request, the Policies and Procedures FOIA Request, the Mortality Reviews FOIA Request, and the CRCL Death Investigation FOIA Request, the "FOIA Requests").  *See* **Exhibit K**.

90.     The OIG Death Investigation FOIA Request requested records including, but not limited to:

a.     Electronic records evidencing or describing the total number of open investigations into deaths of individuals in DHS custody (including ICE and CBP) as of May 8, 2019.

b.     Any records showing the case number, responsible agency or agencies, and status of each investigation identified in Item 1 above.

91.     On May 29, 2019, DHS-OIG acknowledged receipt of the OIG Death Investigation FOIA Request and assigned it tracking number 2019-IGFO-00168.

92.     On June 17, 2019, DHS-OIG provided Plaintiff AOL a final response to the OIG Death Investigation FOIA Request.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

93.    In its response, DHS-OIG determined that all records responsive to the OIG Death Investigation FOIA Request would be categorically withheld under FOIA Exemption   (7)(A) as "records or information compiled for law enforcement records or information  . . . . [that] could reasonably be expect to interfere with law enforcement proceedings." *Id.*

94.    On September 11, 2019, Plaintiff AOL timely appealed DHS-OIG's categorical withholding of all agency records responsive to the OIG Death Investigation FOIA Request (the "OIG Death Investigation FOIA Appeal").

95.    As of the date of this filing – ***867 days after submission of the appeal*** – DHS-OIG has failed to provide any acknowledgement, tracking number, or response to Plaintiff AOL's appeal of DHS-OIG's categorical withholding of all agency records responsive to the OIG Death Investigation FOIA Request.

96.    Plaintiff AOL has constructively exhausted its administrative remedies because DHS-OIG has failed to make a determination in response to the OIG Death Investigation FOIA Request and the OIG Death Investigation FOIA Appeal within the time period required by law. Given this fact, Plaintiff AOL seeks immediate judicial review.

## CLAIMS FOR RELIEF

### COUNT I: VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
### Unlawful Withholding Of Agency Records By ICE
### On Behalf Of All Plaintiffs Against ICE

97.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

98.    ICE is a component of a government agency subject to the FOIA and must therefore make reasonable efforts to search for and release requested records and otherwise lawfully support and provide the basis for any withholdings made pursuant to the exemptions provided by the FOIA.

99.    Plaintiff Tammy has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Owen FOIA Request.

100.    Plaintiff AOL has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the Field Office FOIA Request, the

IHSC FOIA Request, the Policies and Procedures FOIA Request, the Mortality Reviews FOIA Request, and the ICE Death Investigation FOIA Request (collectively, and with the Owen FOIA Request, the "ICE FOIA Requests").

101.    No legal basis exists for ICE's failure to adequately and timely search for and release agency records responsive to the ICE FOIA Requests in compliance with the FOIA's time limits.

102.    ICE's failure to make reasonable and timely efforts to search for and release agency records responsive to the ICE FOIA Requests constitutes an unlawful withholding under the Act that this Court can and should remedy through declaration and injunction.

103.    ICE's failure to initiate an adequate search and substantively respond to the ICE FOIA Requests within the timeframe allowed by law violates the FOIA.

104.    Because ICE has failed to comply with the Act's time limits, Plaintiffs have constructively exhausted their administrative remedies.

105.    Plaintiffs are therefore entitled to injunctive and declaratory relief requiring ICE to promptly make reasonable efforts to search for and produce records responsive to each and all of the ICE FOIA Requests.

### COUNT II: VIOLATION OF 5 U.S.C. § 552(a)(4)(B)
**Failure To Assign The Required Individualized Tracking Number By ICE**
**On Behalf Of All Plaintiffs Against ICE**

106.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

107.    ICE is under a legal duty to "provide each person making a request the tracking number assigned to the request." 5 U.S.C. § 552(a)(7)(A).

108.    ICE violated this legal duty by failing to acknowledge and assign the Owen FOIA Request an individualized tracking number.

109.    ICE violated this legal duty by failing to acknowledge and assign the SIRS FOIA Request an individualized tracking number.

110.    No legal basis exists for failing to assign both the Owen FOIA Request and the SIRS FOIA Request tracking numbers and to timely process these requests.

111.     ICE's failure to make reasonable and timely efforts to search for and release agency records responsive to the Owen FOIA Request and the SIRS FOIA Request constitute an unlawful withholding under the Act that this Court can and should remedy through injunction.

112.     Because ICE has failed to comply with the Act's time limits, Plaintiffs have constructively exhausted their administrative remedies.

113.     Plaintiffs are therefore entitled to injunctive and declaratory relief requiring ICE to promptly make reasonable efforts to search for and produce records responsive to the Owen FOIA Request and the SIRS FOIA Request.

**COUNT III: VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**
**Unlawful Withholding Of Agency Records By DHS-CRCL**
**On Behalf Of Plaintiff AOL Against DHS-CRCL**

114.     Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

115.     Plaintiff AOL has a legal right under the FOIA to the timely search and release of responsive, non-exempt agency records responsive to the CRCL Death Investigation FOIA Request.

116.     No legal basis exists for DHS-CRCL's failure to adequately and timely search for and release agency records responsive to the CRCL Death Investigation FOIA Request in compliance with the FOIA's time limits.

117.     DHS-CRCL's failure to make reasonable and timely efforts to search for and release responsive agency records constitutes an unlawful withholding under the Act that this Court can and should remedy through declaration and injunction.

118.     DHS-CRCL's failure to initiate an adequate search and substantively respond to the CRCL Death Investigation FOIA Request within the timeframe allowed by law violates the FOIA.

119.     Because DHS-CRCL has failed to comply with the Act's time limits, Plaintiff AOL has constructively exhausted its administrative remedies.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

120.    Plaintiff AOL is therefore entitled to injunctive and declaratory relief requiring DHS-CRCL to promptly make reasonable efforts to search for and produce records responsive to the CRCL Death Investigation FOIA Request.

**COUNT IV: VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**
**Failure To Assign The Required Individualized Tracking Number By DHS-CRCL**
**On Behalf Of Plaintiff AOL Against DHS-CRCL**

121.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

122.    DHS-CRCL is under a legal duty to "provide each person making a request the tracking number assigned to the request." 5 U.S.C. § 552(a)(7)(A).

123.    DHS-CRCL violated this legal duty by failing to acknowledge and assign the CRCL Death Investigation FOIA Request an individualized tracking number.

124.    No legal basis exists for failing to assign the CRCL Death Investigation FOIA Request a tracking number and timely process it.

125.    DHS-CRCL's failure to make reasonable and timely efforts to search for and release agency records responsive to the CRCL Death Investigation FOIA Request constitutes an unlawful withholding under the Act that this Court can and should remedy through injunction.

126.    Because DHS-CRCL has failed to comply with the Act's time limits, Plaintiff AOL has constructively exhausted its administrative remedies.

127.    Plaintiff AOL is therefore entitled to injunctive and declaratory relief requiring DHS to promptly make reasonable efforts to search for and produce records responsive to the CRCL Death Investigation FOIA Request.

**COUNT V: VIOLATION OF 5 U.S.C. § 552(a)(4)(B)**
**Unlawful Withholding Of Agency Records By DHS-OIG**
**On Behalf Of Plaintiff AOL Against DHS-OIG**

128.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

129.    Plaintiff AOL has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records responsive to the OIG Death Investigation FOIA Request.

130.    No legal basis exists for DHS-OIG's failure to adequately and timely search for and release responsive agency records in compliance with the FOIA's time limits.

131.    DHS-OIG's failure to make reasonable and timely efforts to search for and release responsive agency records constitutes an unlawful withholding under the Act that this Court can and should remedy through declaration and injunction.

132.    DHS-OIG's failure to initiate an adequate search and substantively respond to the OIG Death Investigation FOIA Request within the timeframe allowed by law violates the FOIA.

133.    Because DHS-OIG has failed to comply with the Act's time limits, Plaintiff AOL has constructively exhausted its administrative remedies.

134.    Plaintiff AOL is therefore entitled to injunctive and declaratory relief requiring DHS-OIG to promptly make reasonable efforts to search for and produce records responsive to the OIG Death Investigation FOIA Request.

**COUNT VI: VIOLATION OF 5 U.S.C. § 552(a)(7)**
**Failure To Assign The Required Individualized Tracking Number By DHS-OIG**
**On Behalf Of Plaintiff AOL Against DHS-OIG**

135.    Plaintiffs re-allege and incorporate by reference all allegations in the foregoing paragraphs as if fully set forth herein.

136.    DHS-OIG is under a legal duty to "provide each person making a request the tracking number assigned to the request." 5 U.S.C. § 552(a)(7)(A).

137.    DHS-OIG violated this legal duty by failing to acknowledge and the OIG Death Investigation FOIA Appeal an individualized tracking number.

138.    No legal basis exists for failing to assign the OIG Death Investigation FOIA Appeal a tracking number and timely process it.

139.    DHS-OIG's failure to make reasonable and timely efforts to search for and release agency records responsive to the OIG Death Investigation FOIA Appeal constitutes an unlawful withholding under the Act that this Court can and should remedy through injunction.

140.    Because DHS-OIG has failed to comply with the Act's time limits, Plaintiff AOL has constructively exhausted its administrative remedies.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

141.    Plaintiff AOL is therefore entitled to injunctive and declaratory relief requiring DHS to promptly make reasonable efforts to search for and produce records responsive to the OIG Death Investigation FOIA Request.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

1.    Enter judgment on all counts in favor of Plaintiffs and against Defendants.

2.    Order Defendants to conduct a prompt and adequate search for all records responsive to the FOIA Requests, determine which, if any, portions of such are records are exempt, and require Defendants to release the remaining portions of these agency records.

3.    Order Defendants to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records responsive to the FOIA Requests, all segregable records responsive to the FOIA Requests, and indices justifying the withholding of any responsive records withheld under any claim of exemption.

4.    Declare Defendants' withholdings under the FOIA unlawful and enjoin Defendants from continuing to withhold all non-exempt records responsive to the FOIA Requests.

5.    Award Plaintiffs reasonable costs and attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 28 U.S.C. § 2412(d)(1)(A).

6.    Award Plaintiffs such further relief as the Court deems just, equitable, and appropriate.

Dated:  January 25, 2022

Respectfully submitted,

**GRANT & EISENHOFER P.A.**

By: _Elizabeth Graham_

M. Elizabeth Graham (Cal. Bar No. 143085)
201 Mission Street, Suite 1200
San Francisco, California 94105
Tel: 415-293-8210
Fax: 415-789-4367
egraham@gelaw.com

**GRANT & EISENHOFER P.A.**
Kimberly A. Evans (*pro hac vice forthcoming*)
Samuel Mukiibi (*pro hac vice forthcoming*)
Carla Agbiro (*pro hac vice forthcoming*)
Grant & Eisenhofer P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
Phone (302) 622-7086
kevans@gelaw.com

**GRANT & EISENHOFER P.A.**
Irene R. Lax (*pro hac vice forthcoming*)
Grant & Eisenhofer P.A.
485 Lexington Ave, 29th Floor
New York, NY 10017
Phone: (646) 722-8512
ilax@gelaw.com

*Attorneys for Plaintiffs*

23

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT IN AND FOR VOLUSIA
COUNTY, FLORIDA

IN RE:   ESTATE OF

BEN JAMES OWEN, Deceased

PROBATE DIVISION

File Number **2021 11802 PRDL**

## ORDER APPOINTING PERSONAL REPRESENTATIVE
(Intestate)

On the petition of TAMMY JANE OWEN for administration of the estate of BEN JAMES OWEN,
Deceased, the court finds that the decedent died on January 25, 2020, and that TAMMY JANE OWEN is entitled
to appointment as personal representative because she is Decedent's surviving spouse, the mother of his minor
child, and Decedent left no Will.

ADJUDGED that TAMMY JANE OWEN is appointed personal representative of the estate of the
decedent, and that upon taking the prescribed oath, filing designation of resident agent and acceptance, and
entering no bond, letters of administration shall be issued.

ORDERED in chambers at DeLand, Volusia County, Florida

8/13/2021 3:37 PM 2021 11802
PRDL

e-Signed 8/13/2021 3:37 PM 2021 11802 PRDL
Margaret W. Hudson
Circuit Judge

# EXHIBIT B

**Carol Lippmann**

| | |
|---|---|
| **From:** | Michael Stein <mstein@gelaw.com> |
| **Sent:** | Thursday, July 22, 2021 1:19 PM |
| **To:** | ICE-FOIA@dhs.gov |
| **Subject:** | FOIA Records Requests Pertaining to Ben James Owen A# 219403429 [IWOV-Civil_Rights.FID11463] |
| **Attachments:** | 2021-07-22 - B.Owen - ICE FOIA Request - FINAL.pdf |

Good afternoon,

Please find the attached request for records.

Kind regards,

*Michael Stein | Grant & Eisenhofer P.A.*
*Paralegal*
*123 S. Justison Street - 7th floor*
*Wilmington, DE  19801*
*Office:  (302) 622.7051 | Cell: (302) 333.2234*
*mstein@gelaw.com | www.gelaw.com*

## G&E | Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel:  205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel:  415.293.8210
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

Kimberly A. Evans
Director
+1 (302) 622 7086
kevans@gelaw.com

July 22, 2021

**<u>SENT VIA EMAIL: ICE-FOIA@dhs.gov</u>**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5004
Washington, D.C. 20536–5009
F: (202) 732-4265

**Re:**     **<u>FOIA Records Requests Pertaining to Ben James Owen A# 219403429</u>**

Dear Freedom Of Information Officer:

This Freedom of Information Act ("FOIA") Request is made on behalf of our client, Tammy Jane Owen, as the wife of Ben Owen. All communications concerning this request should be sent to the undersigned attorney, Kimberly Evans, Grant & Eisenhofer P.A., 123 Justison Street, 7th Floor, Wilmington, DE 19801. In this request, the term "records" includes, but is not limited to, all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, studies, or any other document and communication.

Ben Owen was encountered and then later detained by U.S. Immigration and Customs Enforcement ("ICE") on or around January 14-15, 2020, while Mr. Owen was detained at the Volusia County Branch Jail ("VCBJ") in Daytona Beach, Florida.  On January 15, 2020, VCBJ released Mr. Owen into the custody of ICE's Enforcement and Removal Operations ("ERO") Miami division, allegedly pursuant to an immigration detainer.  ERO brought Mr. Owen to the Orlando Hold Room in Orlando, Florida and then subsequently transferred Mr. Owen to Baker County Detention Center (BCDC) in Macclenny, Florida. On January 25, 2020, Mr. Owen died by suicide while detained at BCDC. Mrs. Tammy Jane Owen, as the wife of Ben Owen, has a significant interest in obtaining public records related to Mr. Owen's detention and untimely death.

Pursuant to the FOIA, 5 U.S.C. § 552 *seq et*, and 5 U.S.C. § 552a *et seq.*, I am writing to request copies of **any and all records within the possession of Immigration and Customs**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
July 22, 2021
Page 2

**Enforcement ("ICE") pertaining to Ben James Owen, DOB: September 16, 1980, A#219403429**, including but not limited to:

- Any and all records within the possession of ICE or Customs and Border Protection ("CBP") of investigations, inspections, audits, and reports pertaining to A# "219403429" or "219 403 429" or "219-403-429" or "Ben James Owen" or "Ben Owen" from July 23, 2019 to the present. This includes but is not limited to:

  - Any and all documents, logs, case notes, database entries, and forms that make any reference to Ben Owen, were signed by him, or are in his case file.

  - Any and all records of investigations, inspections, audits, and reports pertaining to Ben Owen within the possession of ICE or CBP beginning from July 23, 2019 when he was taken into ICE custody through the present.

  - Any and all investigations, inspections, reports, audits, notes, and communications pertaining to the death and surrounding circumstances of Ben Owen within the possession of ICE from July 23, 2019 through the present, including but not limited to:

    - Any and all medical and mental health records, reports, notes, forms, complaints, incident reports, supplementary reports, witness statements, daily activity logs, incident detail reports, media requests and responses to media request, and video and audio recordings.

  - Any and all records pertaining to Ben Owen's detention, including but not limited to:

    - Any and all detainee location logs, kites, grievances, responses to kites and grievances, and medical and mental health screenings and assessments.

  - Any and all records pertaining to any investigations of the circumstances surrounding Ben Owen's arrest, detention, and death that are being conducted by the ICE Office of Professional Responsibility, ICE Office of Detention Oversight, or any other U.S. Department of Homeland Security ("DHS") entity or any other government entity, including but not limited to a detainee death review and root cause analysis, and including all drafts of same.

  - Any and all communications, memorandums, and media pertaining to Ben Owen within the possession of ICE from July 23, 2019 to present, including but not limited to:

    - Any and all email exchanges, text messages, slack, snapchat, voicemail, and all other electronic communications.

    - Any and all media requests, responses to media requests, notes, reports, and database entries.

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
July 22, 2021
Page 3

- ▪ Any and all video and audio.
- o Any and all requests for records within possession of ICE or CBP that pertain to Ben Owen generated from July 23, 2019 to the present, including but not limited to:
  - ▪ Any and all requests received by ICE and/or CBP pursuant to 5 U.S.C. §552 *et. seq.* or any other legal authority authorizing the release of records to the public.
- o Any and all documents or copies thereof that may have accompanied Ben Owen when he was transferred from Volusia County Branch Jail to BCDC, including but not limited to:
  - ▪ Any Form I-216 and/or appropriate copies of Form I-77, Baggage Check (or IGSA equivalent);
  - ▪ Any Form USM-553 or local Medical Transfer Summary form;
  - ▪ Any Form 1-213, Record of Deportable/Inadmissible Alien Form;
  - ▪ Any original or photocopy of Form I-203/203A, Order to Detain/Release Alien;
  - ▪ Any Detainee Transfer Checklist;
  - ▪ Any age verification documents (if applicable);
  - ▪ Any copy or printout of all previous Post Order Custody Reviews (POCRs) and travel document requests in a property envelope fastened to the file;
  - ▪ Any classification sheet;
  - ▪ Any charging documents/records of proceedings;
  - ▪ Any certified copies of convictions;
  - ▪ Any fingerprint cards;
  - ▪ Any photographs; and
  - ▪ Any printouts from the Central Index System (CIS), ENFORCE and the FBI NCIC database.
- o A complete copy of the government's file for A# "219403429" or A# "219 403 429" or A# "219-403-429."
- o Any other reports or memoranda pertaining to the death or detention of Ben Owen.

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
July 22, 2021
Page 4

I also request the opportunity to inspect **any and all records within the possession of ICE pertaining to the operation of BCDC,** including but not limited to:

- Any and all records relating to ICE's standards of operation at BCDC, including but not limited to its standard for medical care, suicide prevention, and sanitation and cleanliness requirements.
- Any and all records of complaints or correspondences to or from ICE personnel regarding conditions at BCDC and any reports or recommendations made regarding the quality or conditions at BCDC.

Please note that this request is ongoing and encompasses any new materials generated by your office that fall within the ambit of this request.

If ICE does not have custody over certain requested and responsive records but knows of another department, agency, private entity, or another subject to the FOIA that does, such as DHS, please forward this FOIA request to the appropriate person and inform the me that you have done so.

Mr. Owen is deceased. A copy of Mr. Owen's death certificate is annexed hereto. Please also find annexed an executed release by Mrs. Tammy Owen pursuant to 45 CFR §164.500-534.

I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this limit, please contact me in advance to seek authorization to proceed further.

Please send the requested records in electronic format by CD to:

Grant and Eisenhofer P.A.
Attn: Kimberly Evans, Esq.
123 Justison Street
7th Floor
Wilmington, DE 19801

Pursuant to 5 U.S.C.A. § 552(6)(A) I expect a response within twenty (20) days of this request. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific exemption that justifies the withholding and notify me of the appeal procedures available under the law. I request that each withheld document be particularly identified and that sufficient information is provided to understand the reasoning for the withholding. You have a statutory duty to produce "[a]ny reasonably segregable portion of a record after deletion of the portions which are exempt." *See* 5 U.S.C. §552(b). Consequently, withholding entire documents because they contain some exempt

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
July 22, 2021
Page 5

material would contravene federal law. *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566
F.2d 242, 260 (D.C. Cir. 1977) ("The focus of the FOIA is information, not documents, and an
agency cannot justify withholding an entire document simply by showing that it contains some
exempt material.").

    Thank you for your consideration of this request. If you have any questions or concerns
you may reach me at (302) 622-7086 or kevans@gelaw.com.

            Sincerely,

            Kimberly A. Evans

Encls.

cc:    U.S. Department of Homeland Security
       Privacy Office
       245 Murray Lane SW STOP–0655
       Washington, D.C. 20528–0655
       F: (202) 343-4011

       Mrs. Tammy Owen (*via* email)

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2020022306

**DATE ISSUED:** FEBRUARY 12, 2020
**DATE FILED:** FEBRUARY 11, 2020

## DECEDENT INFORMATION

NAME: BEN JAMES OWEN

DATE OF DEATH: JANUARY 25, 2020      SEX: MALE      SSN: 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      AGE: 039 YEARS
DATE OF BIRTH: SEPTEMBER 16, 1980      BIRTHPLACE: LONDON, UNITED KINGDOM
PLACE OF DEATH: CORRECTIONAL INSTITUTE
FACILITY NAME OR STREET ADDRESS: BAKER COUNTY DETENTION CENTER
LOCATION OF DEATH: MACCLENNY, BAKER COUNTY, 32063
RESIDENCE: 263 EUCLID AVE, DAYTONA BEACH, FLORIDA  32118, UNITED STATES      COUNTY: VOLUSIA
OCCUPATION, INDUSTRY: ELECTRICIAN, ELECTRIC
EDUCATION: SOME COLLEGE CREDIT, BUT NO DEGREE      EVER IN U.S. ARMED FORCES? NO
HISPANIC OR HAITIAN ORIGIN? NO, NOT OF HISPANIC/HAITIAN ORIGIN
RACE: WHITE

## SURVIVING SPOUSE / PARENT NAME INFORMATION

**(NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)**

MARITAL STATUS: MARRIED
SURVIVING SPOUSE NAME: TAMMY FILOR
FATHER'S/PARENT'S NAME: STEVEN OWEN
MOTHER'S/PARENT'S NAME: SHARON DACK

## INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME: TAMMY OWEN
RELATIONSHIP TO DECEDENT: WIFE
INFORMANT'S ADDRESS: 263 EUCLID AVE, DAYTONA BEACH, FLORIDA  32118, UNITED STATES
FUNERAL DIRECTOR/LICENSE NUMBER: V TODD FERREIRA, F045490
FUNERAL FACILITY: FIRST COAST CREMATION LLC F274915
                  702 CHIPSHOT DRIVE, MACCLENNY, FLORIDA  32063
METHOD OF DISPOSITION: CREMATION
PLACE OF DISPOSITION: ICS CREMATORY
                      LAKE CITY, FLORIDA

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: ASSOCIATE MEDICAL EXAMINER      MEDICAL EXAMINER CASE NUMBER: 200800049
TIME OF DEATH (24 HOUR): 1952      DATE CERTIFIED: FEBRUARY 10, 2020
CERTIFIER'S NAME: WENDY ANN STROH
CERTIFIER'S LICENSE NUMBER: OS5311
NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER): NOT APPLICABLE

## CAUSE OF DEATH AND INJURY INFORMATION

MANNER OF DEATH: SUICIDE
CAUSE OF DEATH - PART I - AND APPROXIMATE INTERVAL: ONSET TO DEATH

a. ASPHYXIA

b. HANGING

c.

d.

PART II - OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I:

AUTOPSY PERFORMED? YES      AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH? YES
DATE OF SURGERY:      DID TOBACCO USE CONTRIBUTE TO DEATH? NOT STATED
REASON FOR SURGERY:
PREGNANCY INFORMATION: NOT APPLICABLE
DATE OF INJURY: JANUARY 25, 2020      TIME OF INJURY (24 HOUR): UNKNOWN      INJURY AT WORK? NO
LOCATION OF INJURY: BAKER COUNTY DETENTION CENTER, MACCLENNY, FLORIDA  32063, UNITED STATES
DESCRIBE HOW INJURY OCCURRED:
DECEDENT HANGED HIMSELF

PLACE OF INJURY: CORRECTIONAL INSITITUTE
IF TRANSPORTATION INJURY, STATUS OF DECEDENT:      TYPE OF VEHICLE:

*Ken Jones* , STATE REGISTRAR

REQ: 2021309163

WARNING: THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.
THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATER-MARKS. THIS DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THIS DOCUMENT WILL NOT PRODUCE A COLOR COPY

DH FORM 1947 (03-13)

VOID IF ALTERED OR ERASED



**CERTIFICATION OF VITAL RECORD**



## AFFIRMATION / DECLARATION

This is to affirm that:

I, **Tammy Jane Owen**, request access to records maintained by the Immigration and Customs Enforcement which pertain to my husband, Ben James Owen (deceased). My present address is **263 Euclid Street, Daytona Beach, Florida 32118** and my place of birth is **New York, United States**. Ben Owen's address at the time of his death was **263 Euclid Street, Daytona Beach, Florida 32118** and his place of birth is **London, United Kingdom**.

I understand that any knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

I hereby authorize **Grant & Eisenhofer P.A.** to access **Ben Owen's** records.

I request that any located and disclosable records to be forwarded to the following individual: **Kimberly A. Evans, Esq.**, at the following address: **123 Justison Street, Wilmington, DE 19801**.

I hereby declare or certify under penalty of perjury that the foregoing is true and correct.

Executed this 16 day of July, 2021.

Tammy Jane Owen



**Notice of Entry of Appearance
as Attorney or Accredited Representative**

**Department of Homeland Security**

**DHS
Form G-28**

OMB No. 1615-0105
Expires 05/31/2021

## Part 1.  Information About Attorney or Accredited Representative

**1.**  USCIS Online Account Number (if any)

▶ [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

### Name of Attorney or Accredited Representative

**2.a.**  Family Name (Last Name)      Evans

**2.b.**  Given Name (First Name)      Kimberly

**2.c.**  Middle Name      A.

### Address of Attorney or Accredited Representative

**3.a.**  Street Number and Name      123 Justison Street

**3.b.**  ☐ Apt.  ☒ Ste.  ☐ Flr.      601

**3.c.**  City or Town      Wilmington

**3.d.**  State  DE ▼   **3.e.**  ZIP Code      19801
*(USPS ZIP Code Lookup)*

**3.f.**  Province

**3.g.**  Postal Code

**3.h.**  Country
United States of America

### Contact Information of Attorney or Accredited Representative

**4.**  Daytime Telephone Number
(302) 622-7000

**5.**  Mobile Telephone Number (if any)

**6.**  Email Address (if any)
kevans@gelaw.com

**7.**  Fax Number (if any)

## Part 2.  Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

**1.a.**  ☒  I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
PA, NJ, DE, US DC EDPA, US DC NJ,

**1.b.**  Bar Number (if applicable)
PA-206431, NJ-015772007, DE-5888,

**1.c.**  I (select **only one** box)  ☒ am not  ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law.  If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

**1.d.**  Name of Law Firm or Organization (if applicable)
Grant & Eisenhofer P.A.

**2.a.**  ☐  I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

**2.b.**  Name of Recognized Organization

**2.c.**  Date of Accreditation (mm/dd/yyyy)

**3.**  ☐  I am associated with
_____ ,
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

**4.a.**  ☐  I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements of 8 CFR 292.1(a)(2).

**4.b.**  Name of Law Student or Law Graduate

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☐ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
☐ Applicant ☐ Petitioner ☒ Requestor
☐ Beneficiary/Derivative ☐ Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name) | Owen
**6.b.** Given Name (First Name) | Tammy
**6.c.** Middle Name | Jane

**7.a.** Name of Entity (if applicable)
*Tammy Owen.*

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number
(310) 213-6615

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name | 263 Euclid Street

**13.b.** ☐ Apt. ☐ Ste. ☐ Flr.

**13.c.** City or Town | Daytona Beach

**13.d.** State FL **13.e.** ZIP Code | 32118

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country
United States of America

### Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

## Part 4. Client's Consent to Representation and Signature (continued)

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** ☒ I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** ☒ I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** ☐ I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡️

**2.b.** Date of Signature (mm/dd/yyyy)    July 17, 2021

## Part 5. Signature of Attorney or Accredited Representative

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1.a.** Signature of Attorney or Accredited Representative

**1.b.** Date of Signature (mm/dd/yyyy)    7/21/2021

**2.a.** Signature of Law Student or Law Graduate

**2.b.** Date of Signature (mm/dd/yyyy)

## Part 6.  Additional Information

If you need extra space to provide any additional information within this form, use the space below.  If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper.  Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name (Last Name)    Evans

**1.b.** Given Name (First Name)    Kimberly

**1.c.** Middle Name    A.

**2.a.** Page Number    **2.b.** Part Number    **2.c.** Item Number

1    2    1a.

**2.d.** US DC DE, 3rd Circuit, 9th Circuit

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

1    2    1b.

**3.d.** US DC EDPA - 206431

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**

# EXHIBIT C



## Grant & Eisenhofer P.A.

485 Lexington Avenue
29th Floor
New York, NY 10017
tel: 646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel: 312.610.5350
fax: 312.214.0001

505 20th Street N
Suite 1450
Birmingham, AL 35203
tel: 205.453.6415
fax: 205.718.7688

One Market Street
Spear Tower, 36th Floor
San Francisco, CA 94105
tel: 415.293.8210
fax: 415.789.4367

www.gelaw.com

123 Justison Street, 7th Floor, Wilmington, DE 19801          tel: 302.622.7000   fax: 302.622.7100

Irene Lax
Associate
+1 (646) 722 8512
ilax@gelaw.com

October 13, 2021

**SENT VIA ONLINE PORTAL: foiaonline.gov**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
500 12th Street, S.W., Stop 5009
Washington, D.C. 20536-5009
F: (202) 732-4265

**FOIA RECORDS REQUESTS PERTAINING TO:**

**Ben James Owen (a/k/a Ben Owen)**
**A# 219403429**
**Date of Birth: September 16, 1980**

Dear FOIA Officer:

This Freedom of Information Act ("FOIA") Request is made on behalf of our client, Tammy Jane Owen, as the wife of Ben James Owen. All communications concerning this request should be sent to the undersigned attorney, Irene Lax, Esq., Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017. In this request, the term "records" includes, but is not limited to, all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, studies, or any other document and communication.

Mr. Owen was encountered and then later detained by U.S. Immigration and Customs Enforcement ("ICE") on or around January 14-15, 2020, while held at the Volusia County Branch Jail ("VCBJ") in Daytona Beach, Florida. On January 15, 2020, VCBJ released Mr. Owen into the custody of ICE's Enforcement and Removal Operations ("ERO") Miami division, allegedly pursuant to an immigration detainer. ERO brought Mr. Owen to the Orlando Hold Room in Orlando, Florida, and then subsequently transferred Mr. Owen to the Baker County Detention Center ("BCDC") in Macclenny, Florida. On January 25, 2020, Mr. Owen died by suicide while detained at BCDC. Mrs. Tammy Jane Owen, as the wife of Mr. Owen, has a significant interest in obtaining public records related to Mr. Owen's detention and untimely death.

U.S. Immigration and Customs Enforcement
October 13, 2021
Page 2

Pursuant to the FOIA, 5 U.S.C. § 552 *seq et*, and 5 U.S.C. § 552a *et seq.*, I am writing to request copies of **any and all records within the possession of ICE pertaining to Ben James Owen, DOB: September 16, 1980, A#219403429**, including but not limited to:

- Any and all records within the possession of ICE of investigations, inspections, audits, and reports pertaining to A# "219403429" or "219 403 429" or "219-403-429" or "Ben James Owen" or "Ben Owen" from July 23, 2019 to the present. This includes but is not limited to:
  - Any and all documents, logs, case notes, database entries, and forms that make any reference to Mr. Owen, were signed by him, or are in his case file.

  - Any and all records of investigations, inspections, audits, and reports pertaining to Mr. Owen within the possession of ICE beginning from July 23, 2019 when he was taken into ICE custody through the present.

  - Any and all investigations, inspections, reports, audits, notes, and communications pertaining to the death and surrounding circumstances of Mr. Owen within the possession of ICE from July 23, 2019 through the present, including but not limited to:
    - Any and all medical and mental health records, reports, notes, forms, complaints, incident reports, supplementary reports, witness statements, daily activity logs, incident detail reports, media requests and responses to media request, and video and audio recordings.

  - Any and all records pertaining to Mr. Owen's detention, including but not limited to:
    - Any and all detainee location logs, kites, grievances, responses to kites and grievances, and medical and mental health screenings and assessments.

  - Any and all records pertaining to any investigations of the circumstances surrounding Mr. Owen's arrest, detention, and death that are being conducted by ICE, U.S. Immigration & Customs Enforcement ("ICE") Office of Professional Responsibility, ICE Office of Detention Oversight, or any other U.S. Department of Homeland Security ("DHS") entity or any other government entity, including but not limited to a detainee death review and root cause analysis, and including all drafts of same.

  - Any and all communications, memorandums, and media pertaining to Ben Owen within the possession of ICE from July 23, 2019 to present, including but not limited to:

U.S. Immigration and Customs Enforcement
October 13, 2021
Page 3

- Any and all email exchanges, text messages, slack, snapchat, voicemail, and all other electronic communications.
- Any and all media requests, responses to media requests, notes, reports, and database entries.
- Any and all video and audio.

o  Any and all requests for records within possession of ICE that pertain to Mr. Owen generated from July 23, 2019 to the present, including but not limited to:
- Any and all requests received by ICE pursuant to 5 U.S.C. §552 *et. seq.* or any other legal authority authorizing the release of records to the public.

o  Any and all documents or copies thereof that may have accompanied Mr. Owen when he was transferred from Volusia County Branch Jail to BCDC, including but not limited to:
- Any Form I-216 and/or appropriate copies of Form I-77, Baggage Check (or IGSA equivalent);
- Any Form USM-553 or local Medical Transfer Summary form;
- Any Form 1-213, Record of Deportable/Inadmissible Alien Form;
- Any original or photocopy of Form I-203/203A, Order to Detain/Release Alien;
- Any Detainee Transfer Checklist;
- Any age verification documents (if applicable);
- Any copy or printout of all previous Post Order Custody Reviews (POCRs) and travel document requests in a property envelope fastened to the file;
- Any classification sheet;
- Any charging documents/records of proceedings;
- Any certified copies of convictions;
- Any fingerprint cards;
- Any photographs; and
- Any printouts from the Central Index System (CIS), ENFORCE and the FBI NCIC database.

o  A complete copy of the government's file for A# "219403429" or A# "219 403 429" or A# "219-403-429."

o  Any other reports or memoranda pertaining to the death or detention of Mr. Owen.

U.S. Immigration and Customs Enforcement
October 13, 2021
Page 4

Please note that this request is ongoing and encompasses any new materials generated by your office that fall within the ambit of this request.

If ICE does not have custody over certain requested and responsive records but knows of another department, agency, private entity, or another subject to the FOIA that does, such as DHS, please forward this FOIA request to the appropriate person and inform the me that you have done so.

Mr. Owen is deceased. A copy of Mr. Owen's death certificate is annexed hereto. Please also find annexed an executed release by Mrs. Tammy Owen pursuant to 45 CFR §164.500-534.

I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this limit, please contact me in advance to seek authorization to proceed further.

Please send the requested records in electronic format by CD to:

Grant and Eisenhofer P.A.
Attn: Irene Lax, Esq.
485 Lexington Avenue
29th Floor
New York, NY 10017

Pursuant to 5 U.S.C.A. § 552(6)(A) I expect a response within twenty (20) days of this request. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records.

If you deny any or all of this request, please cite each specific exemption that justifies the withholding and notify me of the appeal procedures available under the law. I request that each withheld document be particularly identified and that sufficient information is provided to understand the reasoning for the withholding. You have a statutory duty to produce "[a]ny reasonably segregable portion of a record after deletion of the portions which are exempt." *See* 5 U.S.C. §552(b). Consequently, withholding entire documents because they contain some exempt material would contravene federal law. *See Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977) ("The focus of the FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material.").

U.S. Immigration and Customs Enforcement
October 13, 2021
Page 5


         Thank you for your consideration of this request. If you have any questions or concerns
you may reach me at (646) 722-8512 or ilax@gelaw.com.


                                        Sincerely,

                                        *Irene Lax*

                                        Irene Lax



Encls.


cc:     U.S. Immigration and Customs Enforcement
        Freedom of Information Act Office
        500 12th Street, S.W., Stop 5009
        Washington, D.C. 20536-5009
        (*via* email ICE-FOIA@dhs.gov)


        Mrs. Tammy Owen (*via* email)

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK.

**FL**  **FL**

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF DEATH

**STATE FILE NUMBER:** 2020022306

**DATE ISSUED:** FEBRUARY 12, 2020

**DATE FILED:** FEBRUARY 11, 2020

## DECEDENT INFORMATION

NAME: **BEN JAMES OWEN**

DATE OF DEATH: **JANUARY 25, 2020**    SEX: **MALE**    SSN: **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**    AGE: **039** YEARS
DATE OF BIRTH: **SEPTEMBER 16, 1980**    BIRTHPLACE: **LONDON, UNITED KINGDOM**
PLACE OF DEATH: **CORRECTIONAL INSTITUTE**
FACILITY NAME OR STREET ADDRESS: **BAKER COUNTY DETENTION CENTER**
LOCATION OF DEATH: **MACCLENNY, BAKER COUNTY, 32063**
RESIDENCE: **263 EUCLID AVE, DAYTONA BEACH, FLORIDA 32118, UNITED STATES**    COUNTY: **VOLUSIA**
OCCUPATION, INDUSTRY: **ELECTRICIAN, ELECTRIC**
EDUCATION: **SOME COLLEGE CREDIT, BUT NO DEGREE**    EVER IN U.S. ARMED FORCES? **NO**
HISPANIC OR HAITIAN ORIGIN? **NO, NOT OF HISPANIC/HAITIAN ORIGIN**
RACE: **WHITE**

## SURVIVING SPOUSE / PARENT NAME INFORMATION

### (NAME PRIOR TO FIRST MARRIAGE, IF APPLICABLE)

MARITAL STATUS: **MARRIED**
SURVIVING SPOUSE NAME: **TAMMY FILOR**
FATHER'S/PARENT'S NAME: **STEVEN OWEN**
MOTHER'S/PARENT'S NAME: **SHARON DACK**

## INFORMANT, FUNERAL FACILITY AND PLACE OF DISPOSITION INFORMATION

INFORMANT'S NAME: **TAMMY OWEN**
RELATIONSHIP TO DECEDENT: **WIFE**
INFORMANT'S ADDRESS: **263 EUCLID AVE, DAYTONA BEACH, FLORIDA 32118, UNITED STATES**
FUNERAL DIRECTOR/LICENSE NUMBER: **V TODD FERREIRA, F045490**
FUNERAL FACILITY: **FIRST COAST CREMATION LLC F274915**
     **702 CHIPSHOT DRIVE, MACCLENNY, FLORIDA 32063**
METHOD OF DISPOSITION: **CREMATION**
PLACE OF DISPOSITION: **ICS CREMATORY**
     **LAKE CITY, FLORIDA**

## CERTIFIER INFORMATION

TYPE OF CERTIFIER: **ASSOCIATE MEDICAL EXAMINER**    MEDICAL EXAMINER CASE NUMBER: **200800049**
TIME OF DEATH (24 HOUR): **1952**    DATE CERTIFIED: **FEBRUARY 10, 2020**
CERTIFIER'S NAME: **WENDY ANN STROH**
CERTIFIER'S LICENSE NUMBER: **OS5311**
NAME OF ATTENDING PHYSICIAN (IF OTHER THAN CERTIFIER): **NOT APPLICABLE**

## CAUSE OF DEATH AND INJURY INFORMATION

MANNER OF DEATH: **SUICIDE**
CAUSE OF DEATH - PART I - AND APPROXIMATE INTERVAL: ONSET TO DEATH
a. **ASPHYXIA**

b. **HANGING**

c.

d.

PART II - OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I:

AUTOPSY PERFORMED? **YES**    AUTOPSY FINDINGS AVAILABLE TO COMPLETE CAUSE OF DEATH? **YES**
DATE OF SURGERY:    DID TOBACCO USE CONTRIBUTE TO DEATH? **NOT STATED**
REASON FOR SURGERY:
PREGNANCY INFORMATION: **NOT APPLICABLE**
DATE OF INJURY: **JANUARY 25, 2020**    TIME OF INJURY (24 HOUR): **UNKNOWN**    INJURY AT WORK? **NO**
LOCATION OF INJURY: **BAKER COUNTY DETENTION CENTER, MACCLENNY, FLORIDA 32063, UNITED STATES**
DESCRIBE HOW INJURY OCCURRED:
**DECEDENT HANGED HIMSELF**

PLACE OF INJURY: **CORRECTIONAL INSITITUTE**
IF TRANSPORTATION INJURY, STATUS OF DECEDENT:    TYPE OF VEHICLE:

*,STATE REGISTRAR*

REQ: 2021309163

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE.

**WARNING:** THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATERMARKS. THIS DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THIS DOCUMENT WILL NOT PRODUCE A COLOR COPY

DH FORM 1947 (03-13)

**VOID IF ALTERED OR ERASED**



CERTIFICATION OF VITAL RECORD



## AFFIRMATION / DECLARATION

This is to affirm that:

I, **Tammy Jane Owen**, request access to records maintained by the Immigration and Customs Enforcement which pertain to my husband, Ben James Owen (deceased). My present address is **263 Euclid Street, Daytona Beach, Florida 32118** and my place of birth is **New York, United States**. Ben Owen's address at the time of his death was **263 Euclid Street, Daytona Beach, Florida 32118** and his place of birth is **London, United Kingdom**.

I understand that any knowingly or willfully seeking or obtaining access to records about another person under false pretenses is punishable by a fine of up to $5,000. I also understand that any applicable fees must be paid by me.

I hereby authorize **Grant & Eisenhofer P.A.** to access **Ben Owen's** records.

I request that any located and disclosable records to be forwarded to the following individual: **Kimberly A. Evans, Esq.**, at the following address: **123 Justison Street, Wilmington, DE 19801**.

I hereby declare or certify under penalty of perjury that the foregoing is true and correct.


Executed this 16 day of July, 2021.


Tammy Jane Owen



## Notice of Entry of Appearance
## as Attorney or Accredited Representative

Department of Homeland Security

**DHS**
**Form G-28**
OMB No. 1615-0105
Expires 05/31/2021

---

### Part 1. Information About Attorney or Accredited Representative

**1.** USCIS Online Account Number (if any)

▶ [                    ]

#### Name of Attorney or Accredited Representative

**2.a.** Family Name (Last Name) — Lax

**2.b.** Given Name (First Name) — Irene

**2.c.** Middle Name

#### Address of Attorney or Accredited Representative

**3.a.** Street Number and Name — 485 Lexington Ave.

**3.b.** ☐ Apt. ☐ Ste. ☒ Flr. — 29th

**3.c.** City or Town — New York

**3.d.** State NY ▼  **3.e.** ZIP Code — 10017
*(USPS ZIP Code Lookup)*

**3.f.** Province

**3.g.** Postal Code

**3.h.** Country

#### Contact Information of Attorney or Accredited Representative

**4.** Daytime Telephone Number
(646) 722-8500

**5.** Mobile Telephone Number (if any)

**6.** Email Address (if any)
ilax@gelaw.com

**7.** Fax Number (if any)

---

### Part 2. Eligibility Information for Attorney or Accredited Representative

Select **all applicable** items.

**1.a.** ☒ I am an attorney eligible to practice law in, and a member in good standing of, the bar of the highest courts of the following states, possessions, territories, commonwealths, or the District of Columbia. If you need extra space to complete this section, use the space provided in **Part 6. Additional Information**.

Licensing Authority
PA, NJ, DE, NY, US DC EDPA

**1.b.** Bar Number (if applicable)
314239, 031662012, 06361, 5640529, 314239

**1.c.** I (select **only one** box) ☒ am not ☐ am subject to any order suspending, enjoining, restraining, disbarring, or otherwise restricting me in the practice of law. If you are subject to any orders, use the space provided in **Part 6. Additional Information** to provide an explanation.

**1.d.** Name of Law Firm or Organization (if applicable)
Grant & Eisenhofer P.A.

**2.a.** ☐ I am an accredited representative of the following qualified nonprofit religious, charitable, social service, or similar organization established in the United States and recognized by the Department of Justice in accordance with 8 CFR part 1292.

**2.b.** Name of Recognized Organization

**2.c.** Date of Accreditation (mm/dd/yyyy)

**3.** ☐ I am associated with
[                    ],
the attorney or accredited representative of record who previously filed Form G-28 in this case, and my appearance as an attorney or accredited representative for a limited purpose is at his or her request.

**4.a.** ☐ I am a law student or law graduate working under the direct supervision of the attorney or accredited representative of record on this form in accordance with the requirements of 8 CFR 292.1(a)(2).

**4.b.** Name of Law Student or Law Graduate

---

## Part 3. Notice of Appearance as Attorney or Accredited Representative

If you need extra space to complete this section, use the space provided in **Part 6. Additional Information.**

This appearance relates to immigration matters before (select **only one** box):

**1.a.** ☐ U.S. Citizenship and Immigration Services (USCIS)

**1.b.** List the form numbers or specific matter in which appearance is entered.

**2.a.** ☐ U.S. Immigration and Customs Enforcement (ICE)

**2.b.** List the specific matter in which appearance is entered.

**3.a.** ☐ U.S. Customs and Border Protection (CBP)

**3.b.** List the specific matter in which appearance is entered.

**4.** Receipt Number (if any)

▶

**5.** I enter my appearance as an attorney or accredited representative at the request of the (select **only one** box):
☐ Applicant   ☐ Petitioner   ☒ Requestor
☐ Beneficiary/Derivative   ☐ Respondent (ICE, CBP)

### Information About Client (Applicant, Petitioner, Requestor, Beneficiary or Derivative, Respondent, or Authorized Signatory for an Entity)

**6.a.** Family Name (Last Name)    Owen

**6.b.** Given Name (First Name)    Tammy

**6.c.** Middle Name    Jane

**7.a.** Name of Entity (if applicable)

**7.b.** Title of Authorized Signatory for Entity (if applicable)

**8.** Client's USCIS Online Account Number (if any)

▶

**9.** Client's Alien Registration Number (A-Number) (if any)

▶ A-

### Client's Contact Information

**10.** Daytime Telephone Number
(310) 213-6615

**11.** Mobile Telephone Number (if any)

**12.** Email Address (if any)
tammyjanepilates@gmail.com

### Mailing Address of Client

**NOTE:** Provide the client's mailing address. **Do not** provide the business mailing address of the attorney or accredited representative **unless** it serves as the safe mailing address on the application or petition being filed with this Form G-28.

**13.a.** Street Number and Name    263 Euclid Street

**13.b.** ☐ Apt.  ☐ Ste.  ☐ Flr.

**13.c.** City or Town    Daytona Beach

**13.d.** State  FL ▾    **13.e.** ZIP Code    32118

**13.f.** Province

**13.g.** Postal Code

**13.h.** Country
United States of America

## Part 4. Client's Consent to Representation and Signature

### Consent to Representation and Release of Information

I have requested the representation of and consented to being represented by the attorney or accredited representative named in **Part 1.** of this form. According to the Privacy Act of 1974 and U.S. Department of Homeland Security (DHS) policy, I also consent to the disclosure to the named attorney or accredited representative of any records pertaining to me that appear in any system of records of USCIS, ICE, or CBP.

**Part 4. Client's Consent to Representation and Signature (continued)**

### Options Regarding Receipt of USCIS Notices and Documents

USCIS will send notices to both a represented party (the client) and his, her, or its attorney or accredited representative either through mail or electronic delivery. USCIS will send all secure identity documents and Travel Documents to the client's U.S. mailing address.

If you want to have notices and/or secure identity documents sent to your attorney or accredited representative of record rather than to you, please select **all applicable** items below. You may change these elections through written notice to USCIS.

**1.a.** [X] I request that USCIS send original notices on an application or petition to the business address of my attorney or accredited representative as listed in this form.

**1.b.** [X] I request that USCIS send any secure identity document (Permanent Resident Card, Employment Authorization Document, or Travel Document) that I receive to the U.S. business address of my attorney or accredited representative (or to a designated military or diplomatic address in a foreign country (if permitted)).

**NOTE:** If your notice contains Form I-94, Arrival-Departure Record, USCIS will send the notice to the U.S. business address of your attorney or accredited representative. If you would rather have your Form I-94 sent directly to you, select **Item Number 1.c.**

**1.c.** [ ] I request that USCIS send my notice containing Form I-94 to me at my U.S. mailing address.

### Signature of Client or Authorized Signatory for an Entity

**2.a.** Signature of Client or Authorized Signatory for an Entity

➡ 

**2.b.** Date of Signature (mm/dd/yyyy) [               ]

**Part 5. Signature of Attorney or Accredited Representative**

I have read and understand the regulations and conditions contained in 8 CFR 103.2 and 292 governing appearances and representation before DHS. I declare under penalty of perjury under the laws of the United States that the information I have provided on this form is true and correct.

**1. a.** Signature of Attorney or Accredited Representative
[ *Irene Yan* ]

**1.b.** Date of Signature (mm/dd/yyyy) [ 9/30/2021 ]

**2.a.** Signature of Law Student or Law Graduate
[               ]

**2.b.** Date of Signature (mm/dd/yyyy) [               ]

## Part 6. Additional Information

If you need extra space to provide any additional information within this form, use the space below. If you need more space than what is provided, you may make copies of this page to complete and file with this form or attach a separate sheet of paper. Type or print your name at the top of each sheet; indicate the **Page Number**, **Part Number**, and **Item Number** to which your answer refers; and sign and date each sheet.

**1.a** Family Name
(Last Name)

**1.b.** Given Name
(First Name)

**1.c.** Middle Name

**2.a.** Page Number    **2.b.** Part Number    **2.c.** Item Number

**2.d.**

**3.a.** Page Number    **3.b.** Part Number    **3.c.** Item Number

**3.d.**

**4.a.** Page Number    **4.b.** Part Number    **4.c.** Item Number

**4.d.**

**5.a.** Page Number    **5.b.** Part Number    **5.c.** Item Number

**5.d.**

**6.a.** Page Number    **6.b.** Part Number    **6.c.** Item Number

**6.d.**

 An official website of the United States government
Here's how you know



 FOIA.gov

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 270456

# Success!

## Your FOIA request has been created and is being sent to the U.S. Immigration & Customs Enforcement.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

**Contact the agency**

Fernando Pineiro, FOIA Officer

202-732-4265

ice-foia@dhs.gov

Marcus Francis , Intake Team Chief

ice-foia@ice.dhs.gov

United States Immigration & Customs Enforcement, FOIA Office

500 12th Street, SW, Stop 5009

Washington, DC 20536-5009

[ice-foia@dhs.gov](mailto:ice-foia@dhs.gov)

---

# Request summary

Request submitted on **October 13, 2021**.

The confirmation ID for your request is **270456**.



The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

# Contact information

**Name**

Carol Lippmann

**Mailing address**

123 Justison Street

7th Floor

Wilmington, Delaware 19801

United States

**Phone number**

(302) 287-6998

**Company/organization**

Grant & Eisenhofer P.A.

**Email**

clippmann@gelaw.com

## Your request

*Please note this submission is a re-submit of a previously submitted hard copy request AND pursuant to direction by other U.S. federal agency. U.S. Immigration and Customs Enforcement Freedom of Information Act Office 500 12th Street, S.W., Stop 5009 Washington, D.C. 20536-5009 F: (202) 732-4265 FOIA RECORDS REQUESTS PERTAINING TO: Ben James Owen (a/k/a Ben Owen) A# 219403429 Date of Birth: September 16, 1980 Dear FOIA Officer: This Freedom of Information Act ("FOIA") Request is made on behalf of our client, Tammy Jane Owen, as the wife of Ben James Owen. All communications concerning this request should be sent to the undersigned attorney, Irene Lax, Esq., Grant & Eisenhofer P.A., 485 Lexington Avenue, 29th Floor, New York, NY 10017. In this request, the term "records" includes, but is not limited to, all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, photographs, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, studies, or any other document and communication. Mr. Owen was encountered and then later detained by U.S. Immigration and Customs Enforcement ("ICE") on or around January 14-15, 2020, while held at the Volusia County Branch Jail ("VCBJ") in Daytona Beach, Florida. On January 15, 2020, VCBJ released Mr. Owen into the custody of ICE's Enforcement and Removal Operations ("ERO") Miami division, allegedly pursuant to an immigration detainer. ERO brought Mr. Owen to the Orlando Hold Room in Orlando, Florida, and then subsequently transferred Mr. Owen to the Baker County Detention Center ("BCDC") in Macclenny, Florida. On January 25, 2020, Mr. Owen died by suicide while detained at BCDC. Mrs. Tammy Jane Owen, as the wife of Mr. Owen, has a significant interest in obtaining public records

related to Mr. Owen's detention and untimely death. Pursuant to
the FOIA, 5 U.S.C. § 552 seq et, and 5 U.S.C. § 552a et seq., I am
writing to request copies of any and all records within the
possession of ICE pertaining to Ben James Owen, DOB:
September 16, 1980, A#219403429, including but not limited to:
☒ Any and all records within the possession of ICE of
investigations, inspections, audits, and reports pertaining to A#
"219403429" or "219 403 429" or "219-403-429" or "Ben James
Owen" or "Ben Owen" from July 23, 2019 to the present. This
includes but is not limited to: o Any and all documents, logs, case
notes, database entries, and forms that make any reference to
Mr. Owen, were signed by him, or are in his case file. o Any and all
records of investigations, inspections, audits, and reports
pertaining to Mr. Owen within the possession of ICE beginning
from July 23, 2019 when he was taken into ICE custody through
the present. o Any and all investigations, inspections, reports,
audits, notes, and communications pertaining to the death and
surrounding circumstances of Mr. Owen within the possession of
ICE from July 23, 2019 through the present, including but not
limited to: ☒ Any and all medical and mental health records,
reports, notes, forms, complaints, incident reports,
supplementary reports, witness statements, daily activity logs,
incident detail reports, media requests and responses to media
request, and video and audio recordings. o Any and all records
pertaining to Mr. Owen's detention, including but not limited to:
☒ Any and all detainee location logs, kites, grievances, responses
to kites and grievances, and medical and mental health
screenings and assessments. o Any and all records pertaining to
any investigations of the circumstances surrounding Mr. Owen's
arrest, detention, and death that are being conducted by ICE,
U.S. Immigration & Customs Enforcement ("ICE") Office of
Professional Responsibility, ICE Office of Detention Oversight, or
any other U.S. Department of Homeland Security ("DHS") entity
or any other government entity, including but not limited to a
detainee death review and root cause analysis, and including all
drafts of same. o Any and all communications, memorandums,
and media pertaining to Ben Owen within the possession of ICE
from July 23, 2019 to present, including but not limited to: ☒ Any
and all email exchanges, text messages, slack, snapchat,

voicemail, and all other electronic communications. ⊠ Any and all media requests, responses to media requests, notes, reports, and database entries. ⊠ Any and all video and audio. o Any and all requests for records within possession of ICE that pertain to Mr. Owen generated from July 23, 2019 to the present, including but not limited to: ⊠ Any and all requests received by ICE pursuant to 5 U.S.C. §552 et. seq. or any other legal authority authorizing the release of records to the public. o Any and all documents or copies thereof that may have accompanied Mr. Owen when he was transferred from Volusia County Branch Jail to BCDC, including but not limited to: ⊠ Any Form I-216 and/or appropriate copies of Form I-77, Baggage Check (or IGSA equivalent); ⊠ Any Form USM-553 or local Medical Transfer Summary form; ⊠ Any Form 1-213, Record of Deportable/Inadmissible Alien Form; ⊠ Any original or photocopy of Form I-203/203A, Order to Detain/Release Alien; ⊠ Any Detainee Transfer Checklist; ⊠ Any age verification documents (if applicable); ⊠ Any copy or printout of all previous Post Order Custody Reviews (POCRs) and travel document requests in a property envelope fastened to the file; ⊠ Any classification sheet; ⊠ Any charging documents/records of proceedings; ⊠ Any certified copies of convictions; ⊠ Any fingerprint cards; ⊠ Any photographs; and ⊠ Any printouts from the Central Index System (CIS), ENFORCE and the FBI NCIC database. o A complete copy of the government's file for A# "219403429" or A# "219 403 429" or A# "219-403-429." o Any other reports or memoranda pertaining to the death or detention of Mr. Owen. Please note that this request is ongoing and encompasses any new materials generated by your office that fall within the ambit of this request. If ICE does not have custody over certain requested and responsive records but knows of another department, agency, private entity, or another subject to the FOIA that does, such as DHS, please forward this FOIA request to the appropriate person and inform the me that you have done so. Mr. Owen is deceased. A copy of Mr. Owen's death certificate is annexed hereto. Please also find annexed an executed release by Mrs. Tammy Owen pursuant to 45 CFR §164.500-534. I am willing to pay fees for this request up to a maximum of $25. If you estimate that the fees will exceed this

limit, please contact me in advance to seek authorization to proceed further. Please send the requested records in electronic format by CD to: Grant and Eisenhofer P.A. Attn: Irene Lax, Esq. 485 Lexington Avenue 29th Floor New York, NY 10017 Pursuant to 5 U.S.C.A. § 552(6)(A) I expect a response within twenty (20) days of this request. If access to the records I am requesting will take longer than this amount of time, please contact me with information about when I might expect copies or the ability to inspect the requested records. If you deny any or all of this request, please cite each specific exemption that justifies the withholding and notify me of the appeal procedures available under the law. I request that each withheld document be particularly identified and that sufficient information is provided to understand the reasoning for the withholding. You have a statutory duty to produce "[a]ny reasonably segregable portion of a record after deletion of the portions which are exempt." See 5 U.S.C. §552(b). Consequently, withholding entire documents because they contain some exempt material would contravene federal law. See Mead Data Cent., Inc. v. U.S. Dep't of Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977) ("The focus of the FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material."). Thank you for your consideration of this request. If you have any questions or concerns you may reach me at (646) 722-8512 or ilax@gelaw.com. Sincerely, Irene Lax Encls.

---

## Additional information

2021-10-13 Ben Owens - FOIA Reqeuest to US Immigration and Customs Enforcement.pdf

---

## Fees

**What type of requester are you?**
other

**Fee waiver**

no

**The amount of money you're willing to pay in fees, if any**

$25.00

---

# Request expedited processing

**Expedited processing**

no



## CONTACT

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit, CC3.0

| DEVELOPER RESOURCES, FOIA API & FOIA CONTACT LIST

| ACCESSIBILITY

| PRIVACY POLICY

| POLICIES & DISCLAIMERS

| JUSTICE.GOV

| USA.GOV

# EXHIBIT D

## Carol Lippmann

| | |
|---|---|
| **From:** | Carol Lippmann |
| **Sent:** | Thursday, November 18, 2021 10:48 AM |
| **To:** | 'ice-foia@dhs.gov' |
| **Subject:** | Request for Status re Submission Confirmation ID 270457 [IWOV-Civil_Rights.FID11477] |
| **Attachments:** | FOIA.gov - submission confirmation ID 270456 (10-13-21).pdf |

Dear Mr. Pineiro:

Attached please find submission confirmation regarding a FOIA Request made by me on October 13, 2021 regarding Mr. Ben Owen which can be identified by Submission ID 270456.  Kindly let me know the status of my FOIA request and when we can expect a response.  Thank you in advance for your anticipated help and cooperation.


Very truly yours,

*Carol Lippmann | Grant & Eisenhofer P.A.*
*Paralegal*
*123 S. Justison Street - 7th floor*
*Wilmington, DE  19801*
*Office:  (302) 622.7056 | Cell: (302) 287-6998*
clippmann@gelaw.com | www.gelaw.com

# EXHIBIT E

Content-Type: multipart/alternative;
 boundary="===============6037782694726664975=="
MIME-Version: 1.0
Subject: Freedom of Information Act Request: 2021 SIRs - ICE Detention - by
 Field
 Office
From: 117416-28095000@requests.muckrock.com
To: ICE-FOIA@dhs.gov
Date: Mon, 09 Aug 2021 22:00:22 -0000
Message-ID:
 <162854642296.5525.1001166667653602041@cdb8b3f1-be11-48c7-b2c8-
2cb6f84bd362.prvt.dyno.rt.heroku.com>

--===============6037782694726664975==
Content-Type: text/plain; charset="utf-8"
MIME-Version: 1.0
Content-Transfer-Encoding: 8bit

ICE, ERO
FOIA Office
500 12th Street SW, Stop 5009 Freedom of Information Act Office
Washington, DC 20536-5009

August 9, 2021

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

All Significant Incident Reports submitted by ICE detention contractors, ICE personnel, or other DHS personnel regarding significant incidents in ICE detention centers occurring from January 20, 2021 to the present.

Any records reflecting the total number of Significant Incident Reports by Field Office.

Any records reflecting ICE leadership's response to each Significant Incident Report received on or after January 20, 2021.

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

View request history, upload responsive documents, and report problems here:
https://accounts.muckrock.com/accounts/login/?next=https%3A%2F%2Fwww.muckrock.com%2Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fimmigration-and-customs-enforcement-ice-enforcement-and-removal-operations-ero-11601%252F2021-sirs-ice-detention-by-field-office-117416%252F%253Femail%253DICE-FOIA%252540dhs.gov&url_auth_token=AAA2i0ECPnWid_SJznixBMTqYgo%3A1mDDJm%3AT5gPWoffE75Cr6S0amcbUC17dSI

Filed via MuckRock.com
E-mail (Preferred): 117416-28095000@requests.muckrock.com

For mailed responses, please address (see note):
MuckRock News
DEPT MR 117416
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through MuckRock by the above in order to better track, share, and manage public records requests. Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock News" and the department number) requests might be returned as undeliverable.

--===============6037782694726664975==
Content-Type: text/html; charset="utf-8"
MIME-Version: 1.0
Content-Transfer-Encoding: 8bit

<br>ICE, ERO<br>FOIA Office<br>500 12th Street SW, Stop 5009 Freedom of
Information Act Office<br>Washington, DC 20536-5009

August 9, 2021

To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

All Significant Incident Reports submitted by ICE detention contractors, ICE personnel, or
other DHS personnel regarding significant incidents in ICE detention centers occurring from
January 20, 2021 to the present. 

Any records reflecting the total number of Significant Incident Reports by Field Office. 

Any records reflecting ICE leadership's response to each Significant Incident Report
received on or after January 20, 2021.

The requested documents will be made available to the general public, and this request is not
being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total
charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-
mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to
receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

View request history, upload responsive documents, and report problems
here:<br>https://accounts.muckrock.com/accounts/login/?next=https%3A%2F%2Fwww.muckro
ck.com%2Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fim
migration-and-customs-enforcement-ice-enforcement-and-removal-operations-ero-
11601%252F2021-sirs-ice-detention-by-field-office-117416%252F%253Femail%253DICE-
FOIA%252540dhs.gov&amp;url_auth_token=AAA2i0ECPnWid_SJznixBMTqYgo%3A1mDDJ
m%3AT5gPWoffE75Cr6S0amcbUC17dSI

Filed via MuckRock.com<br>E-mail (Preferred): 117416-
28095000@requests.muckrock.com

For mailed responses, please address (see note):<br>MuckRock News<br>DEPT MR
117416<br>411A Highland Ave<br>Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through MuckRock by the above in order to better track, share, and manage public records requests. Also note that improperly addressed (i.e., with the requester&#39;s name rather than &quot;MuckRock News&quot; and the department number) requests might be returned as undeliverable.

--===============6037782694726664975==

# EXHIBIT F

Submitted on Monday, September 2, 2019 - 04:30
Submitted by user: Anonymous
Submitted values are:

Select the DHS component you wish to submit your request to: : U.S.
Immigration and Customs Enforcement (ICE)
Title:
First Name: Andrew
Middle Initial:
Last Name: Free
Suffix:
Email Address: requests@muckrock.com
Country: United States
Address 1: MuckRock News, DEPT MR 79829
Address 2: 411A Highland Ave
City: Somerville
State: Massachusetts
Zip Code: 02144
Telephone Number: 6172991832
Fax Number:
Are you requesting records on yourself? No
If yes, you must check the perjury statement:
By initialing here you are providing your electronic signature.:
Please describe the records you are seeking as clearly and precisely as
possible:
To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following
records:

Please provide all Mortality Reviews created by the Immigrant Health Services
Corps regarding any death in ICE custody from January 1, 2015 through the
present. These reviews will be found in the Medical Quality Management Unit
("MQMU") Sharepoint Folder as described by, e.g., Section F.1.B (page 7) of
IHSC's Mortality Review Policy.
https://www.documentcloud.org/documents/6025551-IHSC-Operations-Memorandum-Mortality-
Review.html.

The requested documents will be made available to the general public, and
this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me
of the total charges in advance of fulfilling my request. I would prefer the
request filled electronically, by e-mail attachment if available or CD-ROM if

not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

Upload documents directly:
https://https://www.muckrock.comhttps://www.muckrock.com/
I am willing to pay fees for this request up to the amount of: $: 25
Select from the list below: An individual seeking information for personal use and not for commercial use.
I request a waiver of all fees for this request.:
Please provide an explanation for your request for a fee waiver:
Please select and describe in detail if you believe your request warrants expeditious handling:
Please provide information to support your selection:

# EXHIBIT G

Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO)
FOIA Office
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C., DC 20536-5009


May 9, 2019


To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. Each Root Cause Analysis created by the Immigrant Health Services Corps ("IHSC") for any Sentinel Event identified in the IHSC Continuous Quality Improvement ("CQI") Activities Guide (Mar. 25, 2016) since the policy's inception.

2. Each Quarterly Report created pursuant to the IHSC CQI Activities Guide

These records are believed to exist within the Immigrant Health Services Corps' D.C. Office. Expected Custodians are Dr. Stewart D. Smith and IHSC's information management systems of records.

The time period for this search is March 25, 2016 through the date the agency tasks an adequate search.

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free

Filed via MuckRock.com
E-mail (Preferred): 72926-39628439@requests.muckrock.com
Upload documents directly:
https://accounts.muckrock.com/accounts/login/?url_auth_token=AAA2i0ECPnWid_SJznixBMTq
Ygo%3A1hOkCx%3AD-oNvwsUyjsqvNj2bIGZN4asU4c&next=https%3A%2F%2Fwww.muckroc
k.com%2Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fimm
igration-and-customs-enforcement-ice-enforcement-and-removal-operations-ero-11601%252Fd
etainee-death-investigation-policies-procedures-72926%252F%253Femail%253DICE-FOIA%25
2540dhs.gov
Is this email coming to the wrong contact?  Something else wrong?  Use the above link to let us
know.

For mailed responses, please address (see note):
MuckRock News
DEPT MR 72926
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through
MuckRock by the above in order to better track, share, and manage public records requests.
Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock
News" and the department number) requests might be returned as undeliverable.

# EXHIBIT H

Immigration and Customs Enforcement
FOIA Office
#585
800 North Capitol Street Northwest
Washington, DC 20536-5009


May 8, 2019



To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

All Immigrant Health Services Corps (IHSC) Mortality Reviews created since January 1, 2017.

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free



Filed via MuckRock.com
E-mail (Preferred): 72921-14027668@requests.muckrock.com
Upload documents directly:
https://accounts.muckrock.com/accounts/login/?next=https%3A%2F%2Fwww.muckrock.com%2Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fimmigration-and-customs-enforcement-133%252Fihsc-mortality-reviews-72921%252F%253Femail%253DICE-FOIA%252540dhs.gov&url_auth_token=AAAVK9mH4BSG8tmO0HOip57Abyc%3A1hOYma%3Aynvs_Glp3Pt_R5dG7DSeaqFJLWY
Is this email coming to the wrong contact?  Something else wrong?  Use the above link to let us know.

For mailed responses, please address (see note):
MuckRock News
DEPT MR 72921
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through MuckRock by the above in order to better track, share, and manage public records requests. Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock News" and the department number) requests might be returned as undeliverable.

# EXHIBIT I

Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO)
FOIA Office
Freedom of Information Act Office
500 12th Street SW, Stop 5009
Washington, D.C., DC 20536-5009


May 10, 2019


To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. Electronic records evidencing or describing the total number of open investigations into
deaths of individuals in DHS custody (including ICE and CBP) as of May 8, 2019.

2. Any records showing the the the case number,  responsible agency or agencies, and status of
each investigation identified in Item 1 above.

The requested documents will be made available to the general public, and this request is not
being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in
advance of fulfilling my request. I would prefer the request filled electronically, by e-mail
attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving
your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free


Filed via MuckRock.com
E-mail (Preferred): 72906-16767047@requests.muckrock.com
Upload documents directly:
https://accounts.muckrock.com/accounts/login/?next=https%3A%2F%2Fwww.muckrock.com%2
Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fimmigration-a
nd-customs-enforcement-ice-enforcement-and-removal-operations-ero-11601%252Fopen-dhs-d
eath-investigations-immigration-and-customs-enforcement-ice-enforcement-and-removal-operati

ons-ero-72906%252F%253Femail%253DICE-FOIA%252540dhs.gov&url_auth_token=AAA2i0E
CPnWid_SJznixBMTqYgo%3A1hP7SZ%3ARdx5Yub8kzUxjogVgQ6MrReBleY
Is this email coming to the wrong contact?  Something else wrong?  Use the above link to let us
know.

For mailed responses, please address (see note):
MuckRock News
DEPT MR 72906
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through
MuckRock by the above in order to better track, share, and manage public records requests.
Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock
News" and the department number) requests might be returned as undeliverable.

# EXHIBIT J

Department of Homeland Security
FOIA Office
245 Murray Drive Southwest
Washington, DC 20528-0655


May 17, 2019


To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following records:

1. Electronic records evidencing or describing the total number of open investigations into deaths of individuals in DHS custody (including ICE and CBP) as of May 8, 2019.

2. Any records showing the the the case number,  responsible agency or agencies, and status of each investigation identified in Item 1 above.

The requested documents will be made available to the general public, and this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me of the total charges in advance of fulfilling my request. I would prefer the request filled electronically, by e-mail attachment if available or CD-ROM if not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free


Filed via MuckRock.com
E-mail (Preferred): 72903-83141577@requests.muckrock.com
Upload documents directly:
https://accounts.muckrock.com/accounts/login/?next=https%3A%2F%2Fwww.muckrock.com%2Faccounts%2Flogin%2F%3Fnext%3D%252Faccounts%252Fagency_login%252Fdepartment-of-homeland-security-9%252Fopen-dhs-death-investigations-department-of-homeland-security-72903%252F%253Femail%253DFOIA%252540hq.dhs.gov&url_auth_token=AAAgudtx4ENY7x8tk0N--kvnoLk%3A1hReLP%3AVJ7IV5MUJAdPkQznFWAewiU0k7Y

# EXHIBIT K

Submitted on Friday, May 17, 2019 - 11:36
Submitted by user: Anonymous
Submitted values are:

Select the DHS component you wish to submit your request to: :  Office of
Inspector General (OIG)
Title:
First Name: Andrew
Middle Initial:
Last Name: Free
Suffix:
Email Address: 72904-36710508@requests.muckrock.com
Country: United States
Address 1: MuckRock News DEPT MR 72904
Address 2: 411A Highland Ave
City: Somerville
State: Massachusetts
Zip Code: 02144
Telephone Number:
Fax Number:
Are you requesting records on yourself?  No
If yes, you must check the perjury statement:
By initialing here you are providing your electronic signature.:
Please describe the records you are seeking as clearly and precisely as
possible:
To Whom It May Concern:

Pursuant to the Freedom of Information Act, I hereby request the following
records:

1. Electronic records evidencing or describing the total number of open
investigations into deaths of individuals in DHS custody (including ICE and
CBP) as of May 8, 2019.

2. Any records showing the the case number, responsible agency or agencies,
and status of each investigation identified in Item 1 above.

The requested documents will be made available to the general public, and
this request is not being made for commercial purposes.

In the event that there are fees, I would be grateful if you would inform me
of the total charges in advance of fulfilling my request. I would prefer the
request filled electronically, by e-mail attachment if available or CD-ROM if
not.

Thank you in advance for your anticipated cooperation in this matter. I look forward to receiving your response to this request within 20 business days, as the statute requires.

Sincerely,

Andrew Free
I am willing to pay fees for this request up to the amount of: $: 1
Select from the list below:  An individual seeking information for personal use and not for commercial use.
I request a waiver of all fees for this request.:
Please provide an explanation for your request for a fee waiver:
Please select and describe in detail if you believe your request warrants expeditious handling:
Please provide information to support your selection

Is this email coming to the wrong contact?  Something else wrong?  Use the above link to let us know.

For mailed responses, please address (see note):
MuckRock News
DEPT MR 72903
411A Highland Ave
Somerville, MA 02144-2516

PLEASE NOTE: This request is not filed by a MuckRock staff member, but is being sent through MuckRock by the above in order to better track, share, and manage public records requests. Also note that improperly addressed (i.e., with the requester's name rather than "MuckRock News" and the department number) requests might be returned as undeliverable.