**GRANT & EISENHOFER P.A.**
Irene R. Lax (*Pro Hac Vice*)
485 Lexington Ave., 29th Floor
New York, NY 10017
Tel: (646) 722-8512
ilax@gelaw.com

**AL OTRO LADO, INC.**
Karlyn Kurichety (Cal Bar No. 313265)
634 S Spring St, Suite 908
Los Angeles, CA 90014
Tel: (253) 882-8071
karlyn@alotrolado.org

Attorneys for Plaintiffs

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen; AL OTRO LADO, INC.; and MIRAN MIRIMANIAN, <br><br>Plaintiffs, <br><br>v. <br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, <br><br>Defendants. | Case 2:22-cv-00550-DSF-AFM <br><br>**JOINT RULE 26(f) REPORT** <br><br>Date: Monday, August 29, 2022 <br>Time: 11:00 A.M. <br>Courtroom: Courtroom 7D <br>Judge: Honorable Dale S. Fischer <br>United States District Judge |

**JOINT RULE 26(f) REPORT**

The parties respectfully submit this Joint Report pursuant to the Court's June 8, 2022 Order (ECF No. 62), Federal Rule of Civil Procedure 26(f), and Local Rule 26-1.

**A.     Statement of the Case**

*Plaintiffs*

This is an action brought by Plaintiffs under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking to declare unlawful and enjoin improper withholding of records related to the untimely, preventable deaths of Benjamin James Owen, Maria Celeste Ochoa-Yoc De Ramirez, and Gourgen Mirimanian while all three individuals were in the custody of the U.S. Immigration and Customs Enforcement ("ICE"), an agency sub-component of the U.S. Department of Homeland Security ("DHS"), and generally concerning the in-custody deaths of other persons detained by ICE.

Plaintiff Tammy Jane Owen, as the widow and Administrator of the Estate of Benjamin James Owen ("Tammy"), submitted a FOIA request to Defendant ICE on July 22, 2021 via ICE's listed FOIA email requesting records regarding Ben Owen's custody and death and general ICE operations at the Baker County Detention Center in Macclenny, Florida ("Owen FOIA Request").  Plaintiff Tammy sent follow-up correspondences on September 14, 2021 and September 16, 2021.  Plaintiff Tammy further resubmitted the FOIA request to ICE by uploading it to ICE's online FOIA portal on October 31, 2021.  On November 18, 2021, Plaintiff Tammy sent a follow-up email to an ICE FOIA officer.  After the filing of the Plaintiffs' Amended Complaint (Doc. 58), Defendants, on July 1, 2022, served their first interim response to Owen FOIA Request, enclosing 449 pages of documents responsive to this request.  On July 26, 2022, Plaintiffs received a second interim response from Defendants regarding the Owen FOIA request

with 51 additional pages of documents. At this time, Plaintiffs believe this document production is ongoing.

Plaintiff Al Otro Lado, Inc. ("AOL") submitted a FOIA request to Defendant ICE on January 4, 2021 requesting records regarding the custody and death of Maria Celeste Ochoa-Yoc De Ramirez and other ICE records ("Yoc de Ramirez FOIA Request"). To date, Plaintiff AOL has not received any responsive records from ICE for the Yoc de Ramirez FOIA Request.

On March 11, 2021, Plaintiff AOL sent another FOIA request to ICE regarding various prior FOIA requests ("ICE Meta-FOIA Request"). On December 16, 2021, Plaintiff AOL sent Defendant DHS CRCL a FOIA request for records regarding various ICE detention centers ("CRCL Report FOIA Request"). On February 7, 2022, DHS CRCL responded to the request and identified various pages of responsive records in the hands of ICE. After the filing of the Plaintiffs' Amended Complaint (Doc. 58), Defendants, on May 31, 2022, served their response to the ICE Meta-FOIA Request and the CRCL Report FOIA Request, enclosing 751 pages of documents responsive to these requests.

On June 19, 2018, Plaintiff Miran Mirimanian ("Miran") submitted identical FOIA requests to Defendants ICE and DHS CRCL, along with other federal agencies, seeking all agency records relating to Gourgen Mirimanian ("Gourgen FOIA Request"). To date, Plaintiff Miran has not received a response from DHS CRCL. On July 6, 2018, ICE issued its final response to the Gourgen FOIA Request, which consisted of just two pages of records. Plaintiff Miran timely appealed ICE's final response on July 14, 2018 due to ICE's inadequate search and production and legally insufficient justifications for the withholdings applied. On May 6, 2019, ICE responded indicating that the agency was applying a blanket withholding of all records allegedly pursuant to FOIA Exemption 7A based on an allegedly open investigation into Gourgen's death. Records obtained through a separate FOIA request indicate that ICE had no open investigation into Gourgen's death at the time it sent its May 6, 2019 response. A Mortality

Review IHSC conducted into Gourgen's death was completed and transmitted to agency stakeholders on December 18, 2018. On September 8, 2020, ICE released to Plaintiff Miran agency records that were referred to it by USCIS in the course of its response to Plaintiff's June 2018 FOIA request. Those records, however, do not contain any detention or medical records pertaining to Gourgen or ICE's death investigation. To date, Plaintiff Miran has received no additional records responsive to this request.

Furthermore, as detailed in Defendants' section of this report, Defendants argue that the Gourgen FOIA Request to ICE is not properly before this Court. Plaintiffs disagree and dispute this representation. Defendants' Answer to Plaintiffs' Amended Complaint admits that the May 6, 2019 correspondence from ICE (Exhibit J, Plaintiffs' Amended Complaint Doc. 58) made no express reference to any right of appeal. *See* Doc. 61, ¶ 110. Plaintiffs have alleged that this May 6 communication does not purport to be a final decision on the Gourgen FOIA Request and as a result, Plaintiff Miran constructively exhausted his administrative remedies prior to filing this action. Based on Defendants' admissions in their Answer, Plaintiffs may seek Judgment on the Pleadings and a preliminary injunction.

Plaintiffs have requested that for each document production in this matter that Defendants provide Plaintiffs with: (a) Bates Number for every page of each document produced; (b) files in NATIVE format (not .pdf); and (c) a list of the custodians or systems of records searched, search terms used, and all time period(s) applied to locate the responsive records by the Defendants and any other agency thereof.

Plaintiffs intend to seek expedited processing of the death-related requests, which includes all of the FOIA Requests except for the ICE Meta-FOIA Request and the CRCL Report FOIA Request, pursuant to 6 C.F.R. 5.5(e). Depending on the agency's response, Plaintiffs may seek injunctive relief in as specified in Section G of this Report. Even without expedited processing, Defendants' proposal for ICE to process 500 pages per month and for DHS CRCL

to process 450 pages a month (Defendants have represented that CRCL will begin producing documents to Plaintiffs by August 15, 2022) finds no support in the text of the statute, and fails to comply with the Promptly Available requirement Congress imposed on agency FOIA offices. Plaintiffs object to the government's proposal and reserve the right to amend their complaint to add a pattern-and-practice claim under the Administrative Procedure Act ("APA") related to this facially unlawful policy. Defendants ICE and DHS CRCL should each <u>produce</u> (not simply process) *at least* 1,000 pages per month. Defendants' arbitrary determination to produce an estimated 450-500 pages per-month per respective agency violates the Freedom of Information Act in this case because it does not fulfill the agencies' obligation to provide a date-certain for production of records, to make records "promptly available," and to treat Plaintiffs' request on a first-on, first-out basis.

### *Defendants*

This case concerns six requests that the Plaintiffs have submitted under the Freedom of Information Act ("FOIA") either to Defendant U.S. Immigration and Customs Enforcement ("ICE") or Defendant U.S. Department of Homeland Security – Office of Civil Rights and Civil Liberties ("CRCL").

1. On July 22, 2021, Plaintiff Tammy Jane Owen submitted a FOIA request ('the Owen request") to ICE seeking records relating to the death of Ben Owen while he was detained at an ICE facility. *See* First Am. Compl., Ex. B, ECF No. 58-2.

2. On January 4, 2021, Plaintiff Al Otro Lado, Inc., submitted a FOIA request ("the Yoc de Ramirez request") to ICE seeking records relating to the death of Maria Celeste Ochoa-Yoc De Ramirez while she was detained at an ICE facility. *See* First Am. Compl., Ex. E, ECF No. 58-5.

3. On March 11, 2021, Plaintiff Al Otro Lado submitted a FOIA request ("the Meta-FOIA request") to ICE seeking records created in response to several previously-submitted FOIA requests. *See* First Am. Compl., Ex. F, ECF No. 58-6.

4. On December 16, 2021, Plaintiff Al Otro Lado submitted a FOIA request ("the Winn Correctional Center request") to CRCL seeking records relating to any reports that CRCL prepared with regard to certain ICE detention facilities. *See* First Am. Compl., Ex. G, ECF No. 58-7. CRCL referred this request, in part, to ICE for a response.

5, 6. On June 19, 2018, Plaintiff Miran Mirimanian submitted two identical FOIA requests ("the Mirimanian requests") to ICE and CRCL seeking records relating to the death of Gourgen Mirimanian while he was detained at an ICE facility. *See* First Am. Compl., Ex. I, ECF No. 58-9.

On May 31, 2022, ICE completed its production of documents in response to the Meta-FOIA request and the Winn Correctional Center request. ICE produced 355 pages of documents in full in response to these requests and redacted portions of an additional 396 pages pursuant to FOIA Exemptions 4, 5, 6, 7(C), and 7(E), 5 U.S.C. § 552(b)(4), (b)(5), (b)(6), (b)(7)(C), (b)(7)(E). ICE provided Bates numbering with its production of these documents.

ICE is processing its responses to the Owen request and the Yoc de Ramirez request. ICE estimates that it has 2,000 pages of potentially responsive documents with respect to the Owen request and 10,600 pages of potentially responsive documents with respect to the Yoc de Ramirez request. On July 1, 2022, and on July 26, 2022, ICE made interim productions of documents in response to the Owen request, in which it processed 1,100 pages of potentially responsive documents, of which ICE released 242 pages in full; redacted portions of 258 pages pursuant to FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552(b)(6), (b)(7)(A), (b)(7)(E); determined 2 pages were non-responsive; and determined 589 pages were duplicative. ICE will complete a rolling production in response to the Owen and Yoc de Ramirez requests in which

its process 500 pages of potentially responsive documents each month. ICE has provided Bates numbering for the documents that it has produced, and will continue to do so. ICE anticipates it will complete its response to the Owen request by September 30, 2022, and the Yoc de Ramirez request by June 28, 2024.

On July 6, 2018, ICE issued its final response to the Mirimanian request, which consisted of two pages of records with redactions under FOIA Exemptions 6, 7(C), and 7(E), 5 U.S.C. § 552(b)(6), (b)(7)(C), (b)(7)(E). Plaintiff Miran Mirimanian appealed ICE's final response on July 14, 2018. On May 6, 2019, ICE issued a final response to Plaintiff's appeal, stating that "new searches were tasked out" and any responsive records located in those searches would be withheld in full pursuant to FOIA Exemption 7A due to "the open status of ongoing investigations." Plaintiff did not file an administrative appeal of ICE's May 6, 2019 final response to this request.

CRCL is processing its response to the Winn Correctional Facility and Mirimanian requests. CRCL estimates that it has 2,555 pages of potentially responsive documents with respect to the Winn Correctional Facility request and 150 pages of potentially responsive documents in response to the Mirimanian request. CRCL will complete a rolling production in response to these requests in which it processes 450 pages of potentially responsive documents each month, with the first production of documents to be made to the Plaintiffs by August 15, 2022, and productions on the 15th day of each following month. CRCL will provide Bates numbering with the documents that it produces in response to these requests. CRCL anticipates that it will complete its response to these requests by January 17, 2023 (the first business day after January 15).

ICE and CRCL will provide information demonstrating the adequacy of their searches for responsive documents with their summary judgment briefing. If they were to be required to provide this supporting information with each interim production, this would interfere with their

ability to process documents, and would delay the ultimate completion of their productions. These productions would be delayed further if Defendants were to be required to produce documents in their native formats; Plaintiffs, in any event, did not request such a production in any of their FOIA requests. *See Citizens for Responsibility & Ethics in Wash. v. Dep't of Educ.*, 905 F. Supp. 2d 161, 171 (D.D.C. 2012); *Facebook, Inc. & Subsidiaries v. IRS*, No. 16-CV-05884-LB, 2017 WL 2630086, at *5 (N.D. Cal. June 19, 2017).

### B. Subject Matter Jurisdiction

There are no issues concerning personal jurisdiction, venue, or service. Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331, among others. All parties have been served.

Defendants note that Plaintiffs failed to file an administrative appeal of ICE's response to the Mirimanian request. A plaintiff's failure to exhaust administrative remedies, including the pursuit of an appeal within the agency, is a prerequisite to suit under FOIA. *See* 5 U.S.C. § 552(a)(6)(A); *Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 725 (9th Cir. 2021). The Ninth Circuit considers administrative exhaustion in a FOIA action to be a merits issue, rather than a jurisdictional issue, *see id.*, but Defendants note Plaintiffs' failure to exhaust as a potential jurisdictional issue out of an abundance of caution. As discussed above, Plaintiffs dispute Defendants' position.

### C. Legal Issues

Whether Defendants have met their obligations to Plaintiffs under the FOIA, including whether Defendants have performed adequate searches in response to the requests and whether Defendants have correctly withheld documents or portions of documents pursuant to the FOIA exemptions. The waiver of sovereign immunity under the FOIA gives the Court jurisdiction to enjoin government agencies from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff. 5 U.S.C.

552(a)(4)(B); *Spurlock v. FBI*, 69 F.3d 1010, 1015 (9th Cir. 1995). The agency has the burden to justify the non-disclosure of documents and establish that a particular document is exempt form disclosure. *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995).

### D. Parties, Evidence, Etc.

The parties in this case are Plaintiffs Tammy Jane Owen as the Administrator of the Estate of Benjamin James Owen ("Tammy"), Al Otro Lado, Inc. ("AOL"), and Miran Mirimanian ("Miran"), and Defendants U.S. Immigration and Customs Enforcement ("ICE") and U.S. Department of Homeland Security – Office of Civil Rights and Civil Liberties ("DHS CRCL").

The parties agree that because the facts in FOIA cases are rarely in dispute, most such cases are decided on motions for summary judgment. *See Nat'l Wildlife Fed'n v. U.S. Forest Service*, 861 F.2d 1114 (9th Cir. 1988); *Land v. Dep't of Interior,* 523 F.3d 1128, 1134 (9th Cir. 2008); *Sakamoto v. EPA,* 443 F.Supp.2d 1182, 1188 (N.D. Cal. 2006) ("It is generally recognized that summary judgment is a proper avenue for resolving a FOIA claim."); *Moore v. Bush,* 601 F. Supp. 2d 6, 12 (D.D.C. 2009) ("FOIA cases are typically and appropriately decided on motions for summary judgment."); *Lawyers' Comm. for Civil Rights of S.F. Bay Area v. U.S. Dep't of the Treasury,* 534 F. Supp. 2d 1126, 1131 (N.D. Cal. 2008) (noting that FOIA cases are frequently decided at the summary judgment stage before a plaintiff can conduct discovery). Accordingly, this matter should be resolved on summary judgment. There is typically no trial in a FOIA action. Accordingly, no witness lists have been compiled.

In regard to documents, the parties have access to the relevant correspondence concerning the FOIA requests referenced in the Complaint. In addition, in FOIA cases, the agency will typically identify the withheld documents and the basis on which they are being withheld by submitting a declaration(s). In addition, where the adequacy of the agency's search is at issue, the agency relies upon declarations. These declarations or affidavits (singly or

**JOINT RULE 26(f) REPORT**

collectively) are often referred to as a *Vaughn* Index, after the case of *Vaughn v. Rosen,* 484 F.2d 820 (D.C. Cir. 1973), *cert. denied,* 415 U.S. 415 U.S. 977, 94 S.Ct. 1564 (1974). *See also Wiener v. FBI,* 943 F.2d 972 at 978, n.6 (9th Cir. 1991), *cert. denied,* 505 U.S. 1212 (1992) ("[w]e refer to these affidavits [of FBI agents and CIA officers] collectively as the *Vaughn* index").

### E. Damages

The parties agree that there are no monetary damages in a FOIA action. As stated above, the Court has jurisdiction to enjoin the agency from improperly withholding agency records and to order the production of any such agency records. Thus, FOIA matters do not lend themselves to traditional settlement conference procedures.

### F. Insurance

There are no insurance coverage issues in this case.

### G. Motions

There are no prior or pending motions. Based on Defendants' admissions in their Answer, Plaintiffs may seek a preliminary injunction according to the following briefing schedule:

- Plaintiffs may file and serve a Motion for a Preliminary Injunction & Judgment on the Pleadings Brief by September 30, 2022.
- Defendant will file any Opposition to Plaintiffs' Motion by October 31, 2022.
- Plaintiffs will file any Reply by November 21, 2022.

The parties anticipate that this matter can be resolved on summary judgment, *see* Section (L) below. Given that this matter may be fully resolved on summary judgment on the schedule described in Section (L) below, Defendants contend that it would be inappropriate, and would not serve the interest of judicial economy, for Plaintiffs to file a separate motion to the extent that such a motion seeks dispositive relief.

### H. Status of Discovery

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary. However, Plaintiffs reserve the right to conduct discovery on the veracity of ICE's statements regarding its capacity to process records in litigation (including, but not limited to, the timing and number of pages produced per month). Defendants contend that any such discovery would be inappropriate and, in any event, premature before summary judgment motions are filed and ruled upon.

### I. Discovery Plan

The parties maintain that because this is a FOIA action, the usual discovery process does not apply. FOIA cases are different from other civil matters subject to the discovery provisions of the Federal Rules of Civil Procedure because the government bears the burden to justify non-disclosure of documents. *See* 5 U.S.C. § 552(a)(4)(B); *Lewis v. IRS,* 823 F.2d 375, 378 (9th Cir. 1987). Because the government bears the burden of justifying non-disclosure in a FOIA case, discovery is not essential. Moreover, discovery is greatly restricted in FOIA actions. *See Schrecker v. U.S. Dep't of Justice,* 217 F. Supp. 2d 29, 35 (D.D.C. 2002), *aff'd*, 349 F.3d 657 (D.C. Cir. 2003). It is generally limited to the scope of an agency's search, its indexing and classification procedures, and similar factual matters. *Id.* Permissible discovery concerning such factual issues generally takes place, if at all, after the government moves for summary judgment and submits supporting affidavits and memorandum of law. *See, e.g., Lane v. DOI,* 523 F.3d 1128, 1134-35 (9th Cir. 2008) (holding that district court's "delay of discovery" with respect to plaintiffs' FOIA claim until after summary judgment "was certainly within its discretion").

### J. Discovery Cut-Off

As set forth above, the parties agree that should this case go forward, it will be resolved on summary judgment, and that discovery is typically not necessary in FOIA cases until after

summary judgment is filed.  Plaintiffs request that any discovery issues be revisited after Defendants' summary judgment motion is filed.  Defendants deny that discovery would be appropriate in this case, but agree that any consideration of possible discovery would be premature before summary judgment motions are filed and ruled upon.

**K.     Expert Discovery**

The parties do not anticipate the use of expert witnesses in this case.

**L.     Dispositive Motions**

The parties submit that all issues in this FOIA action can be decided and fully resolved on summary judgment according to the following briefing schedule:

- Defendants will file and serve a Motion for Summary Judgement and *Vaughn* Index/Declaration by August 6, 2024.
- Plaintiffs will file any Cross-Motion for Summary Judgment and Opposition to Defendant's Motion by September 3, 2024.
- Defendants will file a Reply/Opposition by September 24, 2024.
- Plaintiffs will file any Reply by October 15, 2024.

A hearing date, if necessary, may be established as convenient to the Court's calendar at that time.

**M.     Settlement/Alternative Dispute Resolution ("ADR")**

The parties maintain that there are no damages in a FOIA action.  As stated above, the Court has jurisdiction to enjoin the agency from withholding agency records improperly withheld and to order the production of any agency records improperly withheld from the Plaintiff.  There are no damages at issue.  Thus, FOIA matters do not lend themselves to traditional settlement conference procedures.

The parties have actively engaged, and will continue to engage, in discussions that are aimed at narrowing the issues that remain in dispute in this case.  The parties do not believe that

12
JOINT RULE 26(f) REPORT

more formal settlement procedures would be of assistance to them in these discussions. The parties accordingly request that the action be exempted from the settlement requirements of Local Rule 16. In the event the parties are required to select one of the ADR Procedures specified in Local Rule 16-15.4, the parties request an appearance before the Court or before the magistrate judge assigned to the case. (ADR Procedure No. 1).

### N. Trial Estimate

At this time, the parties do not anticipate a need for trial, either by judge or jury, on this matter. As set forth above, the parties submit that all of the claims in this case may be resolved on summary judgment.

### O. Lead Trial Counsel

Irene R. Lax, Esquire, is lead counsel for Plaintiffs.

Joel McElvain, Esquire, is lead counsel for Defendants.

### P. Independent Expert or Master

The parties agree that no independent expert or master is necessary in this case.

### Q. Timetable

Because the parties do not anticipate a need for a trial on this matter, the parties request that they be exempted from completing the Court's Schedule of Pretrial and Trial dates.

### R. Magistrate Judge

At this time, the parties believe that this matter may be resolved before any motions are necessary. The parties do not consent to having a magistrate judge preside over all proceedings pursuant to 28 U.S.C. 636, should the case proceed to summary judgment.

### S. Class Actions

This case is not a class action.

### T. Other Issues


The parties are not aware of any other issues affecting the status or management of the case.

Respectfully submitted,

| | |
|---|---|
| **GRANT & EISENHOFER P.A.** | **U.S. DEPARTMENT OF JUSTICE** |
| By: */s/ Irene R. Lax* <br> Irene R. Lax (*Pro Hac Vice*) <br> 485 Lexington Ave, 29th Floor <br> New York, NY 10017 <br> Tel: (646) 722-8512 <br> ilax@gelaw.com | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney General <br><br> ELIZABETH J. SHAPIRO <br> Deputy Director, Federal Programs Branch |
| Samuel Mukiibi (*pro hac vice*) <br> 123 Justison Street, 7th Floor <br> Wilmington, DE 19801 <br> Tel: (302) 622-7086 <br> smukiibi@gelaw.com | By: */s/ Joel McElvain* <br> JOEL McELVAIN (D.C. Bar #448431) <br> Senior Trial Counsel <br> M. ANDREW ZEE (Cal. Bar No. 272510) <br> Trial Attorney <br> Civil Division, Federal Programs Branch <br> United States Department of Justice <br> 1100 L Street, NW <br> Washington, DC 20005 <br> Tel. (202) 616-8298; Fax (202) 616-8202 <br> Email: joel.l.mcelvain@usdoj.gov |
| M. Elizabeth Graham (Cal. Bar No. 143085) <br> 201 Mission Street, Suite 1200 <br> San Francisco, California 94105 <br> Tel: 415-293-8210 <br> egraham@gelaw.com | |
| **AL OTRO LADO, INC.** <br> Karlyn Kurichety (Cal Bar No. 313265) <br> 634 S Spring St, Suite 908 <br> Los Angeles, CA 90014 <br> Tel: (253) 882-8071 <br> karlyn@alotrolado.org | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

Dated: August 1, 2022

## SIGNATURE CERTIFICATION

Pursuant to L.R. 5-4.3.4, I hereby certify that the content of this document is acceptable to counsel for Defendants and that I have obtained counsel's authorization to affix counsel's electronic signature to this document.

Dated: August 1, 2022  **GRANT & EISENHOFER P.A.**

By: */s/ Irene R. Lax*
Irene R. Lax (*Pro Hac Vice*)
*Attorneys for Plaintiffs*