# Exhibit A

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



May 31, 2022

Elizabeth Graham
Grant & Eisenhofer P.A.
201 Mission St., Ste. 1200
San Francisco, CA 94105
Egraham@gelaw.com

RE:   **Tammy Jane Owen v U.S Immigration and Customs Enforcement 2:22-cv-00550**
ICE FOIA Case Number 2022-ICLI-00026
First Interim Release

Dear Ms. Graham,

This is the first interim response to your Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE).  This response encompasses FOIA requests 2021-ICFO-32419 (AOL "Meta-FOIA" request) and 2022-ICFO-07670 (AOL CRCL ICE Detention Center FOIA request.).

ICE has considered this request under the FOIA, 5 U.S.C. § 552, and processed 959 pages of potentially responsive records. Upon review ICE has determined that 355 pages will be released in full and portions of 396 pages will be withheld pursuant to Exemptions 4, 5, 6, 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552 as described below. Please note that 7 pages were deemed non-responsive and 201 were deemed duplicative. The 751 pages have been Bates numbered 2022-ICLI-00026 1 through 2022-ICLI-00026 751.

**FOIA Exemption 4** protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.  Under the U.S. Supreme Court precedent, *Food Marketing Institute v. Argus Leader Media*, 139 S. Ct. 2356 (2019), information will be deemed "confidential" for the purposes of protection under Exemption 4 "at least where commercial or financial information is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy." *Id*. at 2363.  I have reviewed the responsive documents, the submitter's objections to release, and relevant case law, and I have determined that portions of the responsive records are exempt from disclosure under subsection (b)(4) of the FOIA and must be withheld in order to protect the submitter's proprietary interests.

ICE has applied Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees.  The disclosure of these communications would discourage the expression of candid opinions and inhibit the free and frank exchange of information and opinions among agency personnel on important agency decision-making by having a chilling effect on the agency's deliberative process.

**FOIA Exemption 5** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, I have determined that portions of the responsive documents qualify for protection under the deliberative process privilege and the attorney-client privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.  The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice.   It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information.  The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy.  This requires a balancing of the public's right to disclosure against the individual's right to privacy.  The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information.  Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.  This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity.  That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation.  Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.  As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information.  Please note that any private interest you may have in that information does not factor into this determination.

The ICE FOIA Office applied FOIA Exemption (b)(7)(E) to protect from disclosure an internal law enforcement sensitive investigative technique.  The release of this information would

disclose investigative techniques and procedures and could be reasonably expected to risk circumvention of the law.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant Trial Attorney M. Andrew Zee at m.andrew.zee@usdoj.gov.

Sincerely,

KORRINA L STEWART
Digitally signed by KORRINA L STEWART
Date: 2022.05.31 20:32:32 -04'00'

Korrina Stewart
Litigation Team Supervisor

Enclosure: 751 pages

cc:
M. Andrew Zee
Trial Attorney
Civil Division, Federal Programs Branch
United States Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, CA 94102
Email: m.andrew.zee@usdoj.gov