# Exhibit D

*Office of Information Governance and Privacy*

**U.S. Department of Homeland Security**
500 12th St., SW
Washington, D.C. 20536



August 31, 2022

Irene R. Lax
Grant & Eisenhofer P.A.
201 Mission St., Ste. 1200
San Francisco, CA 94105
ilax@gelaw.com

RE:   **Tammy Jane Owen v U.S Immigration and Customs Enforcement 2:22-cv-00550**
      **ICE FOIA Case Number 2022-ICLI-00026**
      **Fourth Interim Release**

Dear Ms. Lax,

This is the fourth interim response to your client's Freedom of Information Act (FOIA) requests to U.S. Immigration and Customs Enforcement (ICE), dated January 25, 2022 seeking any and all records within the possession of ICE of investigations, inspections, audits, and reports pertaining to A"219403429" or "219 403 429" or "219-403-429" or "Ben James Owen" or "Ben Owen" from July 23, 2019 to the present.

ICE has considered this request under the FOIA, 5 U.S.C. § 552, and processed 500 pages of potentially responsive records. Upon review ICE has determined that 16 pages will be released in full and portions of 289 pages will be withheld pursuant to Exemptions 6, 7(C), and 7(E) of the FOIA, 5 U.S.C. § 552 as described below. Please note that 195 pages were deemed duplicative. The 305 pages have been Bates numbered 2022-ICLI-00026 1252 through 2022-ICLI-00026 1556.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy.

www.ice.gov

Page **2** of **2**

This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

The ICE FOIA Office applied FOIA Exemption (b)(7)(E) to protect from disclosure an internal law enforcement sensitive investigative technique. The release of this information would disclose investigative techniques and procedures and could be reasonably expected to risk circumvention of the law.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you have any questions about this letter, please contact Assistant Trial Attorney Joel McElvain at Joel.L.McElvain@usdoj.gov.

    Sincerely,

    MERONICA D STONEY
    Digitally signed by MERONICA D STONEY
    Date: 2022.08.31 14:28:44 -04'00'

    Meronica D. Stoney
    Litigation Team Supervisor

Enclosure: 305 pages