**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen; AL OTRO LADO, Inc.; and MIRAN MIRIMANIAN, <br><br> Plaintiffs, <br><br> vs. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES, <br><br> Defendants. | Case No.: 2:22-cv-00550-DSF-AFM <br><br> **DECLARATION OF ROSEMARY LAW** |

I, Rosemary Law, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Freedom of Information Act ("FOIA") Officer in the Office for Civil Rights and Civil Liberties ("CRCL"), an office within the United States Department of Homeland Security ("DHS" or the "Department"). I have held this position since July 2020. The statements contained in this declaration are based upon my personal knowledge, my review of documents kept by CRCL in the ordinary course of business, and information provided to me by other CRCL employees in the course of my official duties.

2. In my capacity as the FOIA Officer, I am responsible for processing all FOIA and Privacy Act ("PA") requests submitted to CRCL. The processing of requests includes determining whether the request complies with applicable procedural regulations, coordinating searches for responsive documents, reviewing responsive documents for applicable exemptions, and preparing correspondence and responses to requesters. My duties require knowledge of DHS FOIA/PA regulations and CRCL procedures, as well as knowledge of CRCL institutional

practices, the roles of the various functions within CRCL, and the types of records maintained in each function. My responsibilities include processing records for FOIA/PA requests that are the subject of litigation, as well as coordinating with other agencies on their and CRCL's equities.

3. In addition to my FOIA/PA responsibilities, I also support discovery efforts for all other litigation involving CRCL, Congressional requests, Government Accountability Office requests, Transparency Initiative; as well as a wide variety of other administrative responsibilities.

4. Prior to my employment with CRCL, I served as: the FOIA Officer for the Financial Crimes Enforcement Network, Department of Treasury, from October 2017 through July 2020; a Senior Government Information Specialist (Litigation Team Lead) for the Transportation Security Administration, Department of Homeland Security, from November 2014 through October 2017; a Senior Government Information Specialist (Litigation Analyst) for the Office of Information and Policy, Department of State, from April 2011 through November 2014; a FOIA Analyst for the U. S. Geological Survey, Department of Interior, from December 2009 through April 2011; and a FOIA Analyst for the Federal Motor Carrier Safety Administration, Department of Transportation, from August 2009 through December 2009. In all of these positions, my primary duties involved handling multiple facets of the FOIA/PA request process. My responsibilities included managing the electronic FOIA/PA tracking system, reviewing and analyzing FOIA/PA requests, redacting FOIA/PA responses, obtaining, examining, and evaluating records for case resolution and making recommendations, coordinating and overseeing legal and factual research in support of the Office of Chief Counsel, making recommendations to attorney advisors for the best approach on FOIA/PA litigation matters, and writing legal correspondence.

5. During my thirteen years of Federal FOIA/PA experience, I have received extensive FOIA/PA training through the Department of Justice, the American Society of Access Professionals, and the Office of the Director of National Intelligence, as well as agency-specific training with each position I held.

**The FOIA requests at issue in this case**

6.    Plaintiff Miran Mirimanian submitted a FOIA request dated June 19, 2018, to the DHS Privacy Office seeking CRCL records related to the death of his father, Gourgen Mirimanian (the "Gourgen Request").  The CRCL FOIA Office located and processed potentially responsive records and produced non-exempt, responsive records on October 14, 2022.  *See* attached Ex. K (CRCL Oct. 14, 2022 letter).  CRCL has now completed its processing of the Gourgen Request.  Overall, CRCL processed approximately 154 pages and released 16 pages, either in part or in full, to the requester.  As part of its processing, CRCL referred 125 pages of records to ICE and to the DHS Office of Inspector General ("OIG") for direct response to the requester.  OIG and ICE have informed CRCL that they have completed their direct responses to the requester for those records referred to OIG and ICE by CRCL.

7.    Plaintiff Al Otro Lado submitted a FOIA request dated December 16, 2021 to CRCL seeking records relating to any reports that CRCL prepared with regard to certain ICE detention facilities (the "CRCL Report Request").  The CRCL FOIA Office located and processed potentially responsive records and made responses to the requester on February 7, 2022, August 15, 2022, September 15, 2022, and October 14, 2022, which included productions of non-exempt, responsive records.  *See* attached Ex. H (CRCL Feb. 7, 2022 letter); Ex. I (CRCL Aug. 15, 2022 letter); Ex. J (CRCL Sep. 15, 2022 letter); Ex. K (CRCL Oct. 14, 2022 letter) .  To date, CRCL has processed approximately 1,484 pages and released 188 pages, either in part or in full, to the requester.  As of this declaration, there remain approximately 1,933 pages of potentially responsive records to be processed for the CRCL Report Request.  CRCL FOIA is diligently processing those records and making monthly rolling productions of any non-exempt, responsive records to the requester.  As part of its processing, CRCL referred certain records to ICE and to the DHS Office of Inspector General ("OIG") for direct response to the requester.  OIG has informed CRCL that it has completed its direct response to the requester for those records referred to it.

8.    On September 29, 2022 counsel for Plaintiffs submitted a request for expedited processing of Plaintiffs' requests.  By letter dated October 25, 2022, CRCL denied that request

for procedural deficiencies and in the alternative because the requests did not qualify for expedition.  *See* Ex. L (CRCL Oct. 25, 2022 letter).  CRCL also noted that it was already processing Plaintiffs' requests at the same rate which it would if expedition were granted.

**CRCL's FOIA workload**

9.     The FOIA office within CRCL is relatively small with one dedicated FOIA officer (myself) who is assisted by two contract employees.  It routinely receives FOIA requests related to its oversight authority which involves the investigation and review of all DHS components, including but not limited to ICE, United States Customs and Border Protection ("CBP"), United States Citizenship and Immigration Services ("USCIS"), Transportation Security Administration ("TSA"), and the Federal Emergency Management Agency ("FEMA").  At present, CRCL is processing approximately 41 FOIA requests, 13 of which are also the subject of litigation.  Of those cases which are in litigation, CRCL faces court-ordered production schedules in five of them.  In order to ensure equitable treatment of all FOIA requesters, CRCL will typically dedicate resources such that it can process multiple requests over the course of a given month.  To do so, CRCL generally processes a set number of pages for each pending request or case, with cases in litigation processed at an accelerated rate of 450 pages per month.  (Because the extent to which CRCL FOIA will assert any FOIA exemptions is unknown until the pages are actually processed, CRCL cannot project or know in advance how many pages will be released in any given month.)  This processing rate for cases in litigation allows for CRCL to equitably and effectively service its FOIA requests.   Accordingly, CRCL has processed, and plans to continue to process records in the present matter consistent with its accelerated rate of 450 pages once a month.

10.    An order from the Court requiring CRCL to dramatically increase its processing rate and to complete all processing of Plaintiffs' requests within thirty days would undermine the efficacy of the CRCL FOIA Office, and would harm the interests of other individuals and entities who have already submitted, or who will submit in the near future, FOIA requests to CRCL.  Indeed, some of the pending requests which CRCL would need to set aside were submitted before the CRCL Report Request, the lone request with records remaining to be processed in this

case. Specifically, in order to honor its obligations for all cases in litigation and to ensure that all of its FOIA matters progress, CRCL FOIA must process each case at a rate of 450 pages per month. Any increase in production for one case will undoubtedly hinder CRCL FOIA's ability to process records for production in other matters. In this case, if CRCL FOIA were ordered to process the remaining 1,933 pages of records in an expedited manner, the CRCL FOIA Office would need to immediately reassign all staffing resources on a full-time basis to Plaintiffs' remaining CRCL Report Request until it is completed, and thus be forced to delay processing all other FOIA requests. This will necessarily impact CRCL's efforts to comply with other court deadlines and processing commitments and thus jeopardize CRCL's ability to meet other commitments.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 31st day of October, 2022

_____
Rosemary Law