# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen; AL OTRO LADO, INC.; and MIRAN MIRIMANIAN,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES,<br>　　　Defendant. | CV 22-0550 DSF (AFMx)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND PARTIAL JUDGMENT ON THE PLEADINGS (Dkt. 74) |

　　　Plaintiffs Tammy Jane Owen, Miran Mirimanian, and Al Otro Lado Inc. (AOL) move for partial judgment on the pleadings, for declaratory relief and for a preliminary injunction. Dkt. 74 (Mot.). Defendants U.S. Immigration and Customs Enforcement (ICE) and U.S. Department of Homeland Security Office for Civil Rights and Civil Liberties (DHS CRCL) oppose. Dkt. 76 (Opp'n). For the reasons stated below, Plaintiffs' motion in GRANTED in part and DENIED in part.

# I. Background

All Plaintiffs have submitted document requests under the Freedom of Information Act (FOIA) seeking records related to individuals who have died in ICE custody.  On January 25, 2022, after receiving delayed responses, or in most cases no response at all, Plaintiffs sued, asserting three claims: unlawful withholding of records by ICE (filed by all Plaintiffs); failure to assign a tracking number by ICE (filed by Tammy Owen and AOL); and unlawful withholding of records by DHS CRCL (filed by AOL and Miran).  A Corrected First Amended Complaint (FAC) was filed on April 29, 2022.  Dkt. 58 at 1, 23-25.  The FOIA requests of each Plaintiff and Defendants' responses are detailed below.

## A.    AOL

AOL is a legal services organization that provides representation for individuals in immigration proceedings.  AOL is engaged in advocacy and disseminating information about individuals who die while in the custody of DHS.  FAC ¶ 10. There are three FOIA requests from AOL at issue here.

On January 4, 2021, AOL sent ICE a FOIA request regarding the death of Maria Celeste Ochoa-Yoc De Ramirez, a 22-year-old Guatemalan refugee who died while in ICE custody on May 8, 2020.  Id. ¶¶ 2; 81-82.  At the time this action was filed, ICE had neither provided any response nor produced any responsive documents.  Id. ¶¶ 81-82.  AOL has now received a small subset of relevant documents, but ICE estimates there are approximately 10,600 documents responsive to this request.  Mot. at 4.  ICE has committed to a rolling production of five hundred pages of potentially responsive documents per month in response to this request.  Id. at 7.

On March 11, 2021, AOL also submitted a Meta FOIA request to ICE, where they re-requested information requested in several prior FOIA requests.  FAC ¶ 85.  As of the date the FAC was filed, ICE had acknowledged receipt but had not provided any substantive response or responsive documents related to this Meta FOIA request.  Id. ¶ 91.

On December 16, 2021, AOL sent DHS CRCL a request for records regarding various ICE Detention centers.  Id. ¶¶ 93-94.  DHS CRCL responded to the request, and referred parts of the request to ICE.  Id. ¶¶ 95-96.  As of the date the FAC was filed, ICE had acknowledged receipt but had otherwise not provided a substantive response or produced any records.  Id. ¶¶ 97-98.

On May 3, 2022, ICE produced 751 pages of records responsive to the second and third requests -- the Meta FOIA request and the request referred from DHS CRCL.  Mot. at 5.  DHS CRCL has produced ninety pages of responsive documents in regard to the third request.  Id.  DHS CRCL has also committed to a rolling production of 450 pages of potentially responsive documents per month in response to this request.  Id. at 7.

## B.    Owen

Benjamin Owen was a 39-year-old British national who died on January 25, 2020, while in ICE custody.  FAC ¶ 1. Tammy[1] is Benjamin's widow and court-appointed representative of his estate. She submitted a FOIA request on July 22, 2021.  Id. ¶¶ 9, 72-73. Tammy followed up on the request and resubmitted the request, but she did not receive a response or any records prior to this litigation.  Id. ¶¶ 75-78.  Once this litigation was filed, ICE began producing records. Mot. at 4.  Since July 1, 2022, ICE has produced 1,013 pages of records in four rounds of production.  Id.  Production is ongoing.  ICE has committed to a rolling production of five hundred pages of potentially responsive documents per month in response to this request.  Id. at 7.

## C.    Mirimanian

Gourgen Mirimanian was a 54-year-old Armenian national who died in ICE custody on April 10, 2018.  FAC ¶ 3.  Miran Mirimanian is Gourgen's son and next of kin.  Id. ¶ 11.  On June 19, 2018, Miran submitted a FOIA request to ICE, DHS CRCL and several other

---

[1] The parties often use given names.  To avoid confusion when referring to individuals, the Court does as well.

agencies seeking records related to Gourgen's death.  Id. ¶ 100.  DHS
CRCL never responded.  Id. ¶¶ 101-02.  ICE initially issued a final
response and turned over two pages.  Id. ¶¶ 103-04.  Miran successfully
appealed this response.  But on remand from the appeal, ICE claimed
FOIA Exemption 7A, which protects documents related to ongoing
investigations.  Id. ¶¶ 105-09.  No further documents were released.
ICE did not give Miran notice of his right to appeal the withholding of
the documents.  Id. ¶ 110.  Records obtained from separate FOIA
requests showed that ICE's investigation into Gourgen's death had
concluded several months prior to ICE claiming FOIA Exemption 7A.
Id. ¶ 112.  ICE had provided some records referred to it by another
agency, but no detention or medical records.  Id. ¶ 117.  Miran states
that "Defendants admit that ICE has in its possession '150 pages of
potentially responsive documents in response to'" this request.  Mot. at
6.  Miran also states that "ICE admits to having hundreds of pages" of
responsive records.  Id. at 2.

### D.    Proceedings

Plaintiffs filed this motion seeking (1) a partial judgment on the
pleadings that Miran constructively exhausted his administrative
remedies and that this Court has jurisdiction over his FOIA request
(the Gourgen FOIA Request); (2) a partial judgment on the pleadings
and declaratory judgment that Defendants failed to comply with FOIA
deadlines and failed to make non-exempt records promptly available;
and (3) preliminary injunctive relief enjoining ICE and DHS CRCL
from withholding records and ordering the agencies to produce records
responsive to the FOIA requests within 30 days or at a rate of no less
than 1000 pages per month.  Mot. 1-2.

## II. Legal Standard

### A.    Judgment on the Pleadings

"Judgment on the pleadings is proper when the moving party clearly
establishes on the face of the pleadings that no material issue of fact
remains to be resolved and that it is entitled to judgment as a matter of
law."  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542,

1550 (9th Cir. 1990). The standard applied to a motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to the standard applied to motions under Rule 12(b)(6) for failure to state a claim. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Allegations by the nonmoving party must be accepted as true, while allegations of the moving party that have been denied must be deemed false for the purpose of the motion. See Hal Roach Studios, 896 F.2d at 1550. The Court is not required to accept as true "legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," or "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (C.D. Cal. 2004) (citation omitted).

The plaintiff bears the burden of pleading sufficient facts to state a claim. Courts will not supply essential elements of a claim that are not initially pled. See Richards v. Harper, 864 F.2d 85, 88 (9th Cir. 1988). Generally, a district court may not consider any material beyond the pleadings in ruling on the motion. Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.

"Judgment on the pleadings may be granted as to fewer than all of the claims, or as to part of a claim." Fed. Election Comm'n v. Adams, 558 F. Supp. 2d 982, 987 (C.D. Cal. 2008).

B.    **Declaratory Judgment**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a); see also MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007). "The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" Oklevueha Native Am. Church of Haw., Inc. v. Holder, 676 F.3d 829, 835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2).

5

The Court therefore has subject matter jurisdiction over Plaintiffs' Declaratory Judgment Act claim if the claim meets the case or controversy requirement of Article III.  See also Rhoades v. Avon Prods., Inc., 504 F.3d 1151, 1157 (9th Cir. 2007) (stating when analyzing a declaratory judgment claim for subject matter jurisdiction, "federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion").  An actual case or controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, 549 U.S. at 127.

## C.    Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as a matter of right."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20.  Where the federal government is the opposing party, the balance of equities and public interest factors merge.  Nken v. Holder, 556 U.S. 418, 435 (2009).  Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011).  Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Id. at 1135 (internal quotation marks omitted).

Where a party requests a mandatory injunction that compels action -- as opposed to a prohibitory injunction -- the district court should deny

6

"such relief unless the facts and law clearly favor the moving party."
Stanley v. University of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994)
(internal quotation marks omitted).

### III. Analysis

### A.    Gourgen Request

Plaintiffs seek a partial judgment on the pleadings that Plaintiff
Miran constructively exhausted his administrative remedies prior to
this action and that this Court has subject matter jurisdiction over his
FOIA request.  ICE states that it "has elected to waive the appeal
requirement and is now processing approximately 1,800 pages of
potentially responsive records in response to the Gourgen request."
Opp'n at 2-3, 6.  And DHS CRCL has completed its processing and
production of documents in response to the Gourgen Request.  Id.; Dkt
76-9 ¶ 6.  Defendants argue that their voluntary actions moot Miran's
request that the Court find he has exhausted his administrative
remedies and that the Court has jurisdiction over his claims.  Opp'n at
6.  Miran argues that although Defendants are waiving their
exhaustion defense, "Defendants have not explicitly conceded that the
voluntary production of responsive records is pursuant to FOIA, such
that Plaintiff Miran will have all rights he is entitled to, including the
ability to challenge the adequacy of Defendants' search and any
claimed exemptions at summary judgment."  Dkt. 77 (Reply) at 1.

The Court finds that no issues related to exhaustion impact its
subject matter jurisdiction over Miran's FOIA requests.  For FOIA
cases, "any failure to exhaust does not bear on the district court's
subject matter jurisdiction."  Yagman v. Pompeo, 868 F.3d 1075, 1083-
84 (9th Cir. 2017).  Rather than a jurisdictional question, it is a
"prudential consideration."  Id. (internal quotation marks omitted).
Even so, Miran did constructively exhaust his administrative remedies.
Under the statute, agencies are required to make a determination in
response to FOIA requests within 20 days and, in the event of an
adverse determination, the agency is to "immediately notify the person"
of "the right of such person to appeal to the head of the agency . . . ."  5

U.S.C. § 552 (a)(6)(A)(i).  FOIA also provides that "[a]ny person making
a request . . . shall be deemed to have exhausted his administrative
remedies with respect to such request if the agency fails to comply with
the applicable time limit provisions."  5 U.S.C. § 552 (a)(6)(C)(i).
Defendants do not dispute that they never gave Miran notice of his
right to appeal the withholding of the agency records under FOIA
exemption 7A.  Miran, therefore, constructively exhausted his
administrative remedies.

   The Court is also not persuaded by Defendants' argument that
the issue is now moot.  The Supreme Court has stated "that a
defendant cannot automatically moot a case simply by ending its
unlawful conduct once sued" and "a defendant claiming that its
voluntary compliance moots a case bears *the formidable burden* of
showing that it is absolutely clear the allegedly wrongful behavior
could not reasonably be expected to recur."  <u>Already, LLC v. Nike, Inc.</u>,
568 U.S. 85, 91 (2013) (internal quotation marks omitted) (emphasis
added).  Defendants have not even tried to meet that burden here.  The
Court is not convinced that the wrongful behavior will not continue.
Defendants have seemingly struggled to respond properly to Miran's
initial FOIA request, which was filed on June 19, 2018.  Despite
Miran's efforts and a prior administrative appeal, it was not until
months after this litigation was filed, and more than four years after
the initial request, that ICE agreed to start producing the bulk of the
responsive records.  Opp'n at 6; Reply at 1-2.  As Miran notes, even
though Defendants have now agreed to produce the records,
"Defendants have not explicitly conceded that the voluntary production
of responsive records is pursuant to FOIA, such that Plaintiff Miran
will have all rights he is entitled to, including the ability to challenge
the adequacy of Defendants' search and any claimed exemptions at
summary judgment."  Reply at 1.  Further, ICE has not provided an
estimated date for completion of the document production as required
by law.  <u>Id.</u>; <u>see</u> 5 U.S.C. § 552(a)(7)(B)(ii) ("Each agency shall . . .
establish a telephone line or Internet service that provides information
about the status of a request to the person making the request using
the assigned tracking number, including . . . an estimated date on

which the agency will complete action on the request."). Miran's case is not moot.

The motion for partial judgment on the pleadings that Miran has constructively exhausted his administrative remedies is GRANTED.

## B.   Partial Judgment on the Pleadings

FOIA requires that for a request that "reasonably describes such records" and "is made in accordance with published rules" the agency should make the records "promptly available to any person."  5 U.S.C. §§ 552(a)(3)(A); see also 5 U.S.C. § 552 (a)(6)(C)(i) ("Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request.").  The statute also requires that, upon receiving a request, the agency shall "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request . . ."  5 U.S.C. §§ 552(a)(6)(A)(i).

Plaintiffs move for a partial judgment on the pleadings and for declaratory judgment that Defendants violated FOIA's promptly available requirement and failed to comply with FOIA's deadlines. Defendants respond that Plaintiffs did not explicitly plead violations of the promptly available and deadline portions of the statute in their complaint.  Defendants further argue that the remedy is filing the lawsuit, so there is no basis for declaratory relief.  Opp'n at 7.

### 1.   Plaintiffs pleaded violations of the timeliness requirements

Plaintiffs properly pleaded that Defendants violated FOIA's timeliness requirements.  Counts One and Three plead unlawful withholding of records.  FAC at 23-24.  5 U.S.C. § 552(a)(4)(B) provides a district court with the power "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  Failure to abide by statutory deadlines and timely produce records is an improper

withholding of records.  See, e.g., United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 151 n.12 (1989) ("Even when an agency does not deny a FOIA request outright, the requesting party may still be able to claim 'improper' withholding by alleging that the agency has responded in an inadequate manner."); see also Gilmore v. United States Dep't of Energy, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) ("The documents were still improperly withheld, however, because unless an agency makes a timely determination that documents should or should not be disclosed, . . . there is no compliance with the FOIA."); Oregon Natural Desert Ass'n v. Gutierrez, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006) ("defendants failed to make a timely determination, resulting in an improper withholding under the Act").

Plaintiffs clearly plead that Defendants failed to respond within the time frames required by law as described below.  See also FAC ¶¶ 124-26, 128-31, 141-47.

## 2.    Defendants failed to abide by the time requirements in the statute

The 20-day determination in 5 U.S.C. §§ 552(a)(6)(A)(i) does not require that the agency actually produce the records within 20 days. But it does require a more substantive response than a formulaic and "general promise to produce non-exempt documents and claim exemptions in the future." Citizens for Responsibility & Ethics in Wash. v. FEC, 711 F.3d 180, 187 (D.C. Cir. 2013).  It must be a decision that is "subject to immediate appeal." Id.  Such a determination requires the agency to at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." Id. at 188; see also Fiduccia v. United States Dep't of Justice, 185 F.3d 1035, 1041 (9th Cir. 1999) ("Congress gave agencies 20 days, not years, to decide whether to comply with requests and notify the requesters").

The "promptly available" requirement in 5 U.S.C. §§ 552(a)(3)(A) and 5 U.S.C. § 552 (a)(6)(C)(i) does not provide an exact time for production. "[D]epending on the circumstances," promptly available "typically would mean within days or a few weeks of a 'determination,' **not months or years**." Citizens for Responsibility & Ethics in Wash., 711 F.3d at 188 (emphasis added); see also Gilmore, 33 F. Supp. 2d at 1188 n.1 (N.D. Cal. 1998) (finding that a six month delay "constituted an improper withholding of those documents  in violation of the FOIA" where there was a pattern and practice of delay); Oregon Natural Desert Ass'n, 409 F. Supp. 2d at 1248 (holding that an eight month delay was "a violation of FOIA"); S. Yuba River Citizens League v. Nat'l Marine Fisheries Serv., No. CIVS-06-2845 LKK/JFM, 2008 WL 2523819, at *6 (E.D. Cal. June 20, 2008) (holding that not completing a request until April 2008 when the initial request was sent in October 2007 was "violative of FOIA"); Prison Legal News v. Dep't of Homeland Sec., 113 F. Supp. 3d 1077, 1084 (W.D. Wash. 2015) (sending the first round of documents 361 days after the first FOIA request was "egregious").

There is no question here that Defendants violated these statutory provisions.  Defendants assert that they denied in their answer that the records were not made promptly available.  But as Defendants note, they denied the legal conclusion.  Opp'n at 8.  Defendants admitted the underlying facts.  As described below, those underlying facts establish as a matter of law that Defendants failed to provide determinations within 20 days – or any other justifiable time period – and failed to make records promptly available.

AOL sent three separate FOIA requests. The first request for records concerned the death of Yoc De Ramirez.  The request was filed on January 4, 2021.  Defendants dispute this date and state the records are in error and the request was actually filed on January 4, 2022. Dkt. 61 (Answer) ¶ 81.  Assuming Defendants are correct, the FAC was filed 115 days after this request.  Defendants admit that at the time the FAC was filed, they had not otherwise provided a response acknowledging the request, nor had they provided any records.  Id.

¶ 83.  For this request, ICE failed to provide a 20-day determination and failed to make the records promptly available.

Another AOL request, the Meta FOIA request, was submitted on March 11, 2021, a fact Defendants admit.  FAC ¶ 85; Answer ¶ 85.  ICE acknowledged receipt and provided a tracking number on March 11, 2021, although it is not clear if this communication amounted to a final appealable determination.  FAC ¶ 88.  Despite seven follow ups, AOL had not received records at the time the FAC was filed.  Id. ¶¶ 90-91.  Defendants admit these facts.  Answer ¶¶ 90-91.  The Court cannot determine at this stage whether this violated the 20-day provision, given that ICE did respond in some manner.  But, by ICE's own admission, at least 414 days passed without any records being provided.  For this request, ICE failed to promptly provide the records.

AOL also sent a FOIA request on December 16, 2021 – this time to DHS CRCL.  FAC ¶¶ 93.  DHS CRCL responded on February 7, 2022, 53 days later, and referred some of the request to ICE.  Id. ¶¶ 95-96.  ICE acknowledged the request on February 15, 2022.  Id. ¶ 97.  As of the filing of the FAC, ICE had not provided any records.  Id. ¶ 98.  Thus, at least 62 days passed without any records being provided.  Id.  Defendants admit all of this.  Answer ¶¶ 93-98.  The facts here are not sufficient to determine whether ICE violated any time provision or whether DHS CRCL failed to promptly provide records.  However, for this AOL request, it is clear that DHS CRCL failed to provide a determination within 20 days.

Tammy Owen submitted a single request to ICE on July 22, 2021.  FAC ¶ 72; Answer ¶ 72.  Although the FAC asserts that there was no response to this request, ICE claims to have provided a tracking number and acknowledgment on March 18, 2022 – 239 days after the initial request and after more than three follow-ups from Tammy Owen.  FAC ¶¶ 74-75; Answer ¶¶ 74-75.  As of the date the FAC was filed, 281 days after the request, Defendants had not provided Owen with any records.  FAC ¶¶ 78-79; Answer ¶¶ 78-79.  For the Owen request, ICE failed to provide a determination within 20 days and failed to make records promptly available.

On June 19, 2018, Miran submitted a FOIA request to ICE, DHS CRCL, and other agencies concerning Gourgen's death.  FAC ¶ 100; Answer ¶ 100.  As of the filing of the FAC, nearly 4 years later, DHS CRCL had not responded to this request.  FAC ¶ 101; Answer ¶ 101. DHS CRCL failed to provide a determination within 20 days and failed to make records promptly available.

ICE did provide a final response to the request on July 6, 2018, when it produced two pages of records.  FAC ¶¶ 103-04; Answer ¶¶ 103-04.  Miran successfully appealed this response and on August 22, 2018, the issue was remanded to the ICE FOIA office. On May 6, 2019, 257 days later, ICE responded, indicating a blanket withholding of all records and asserting that there was an open investigation into Gourgen's death.  FAC ¶¶ 107-09; Answer ¶¶ 107-09; see also 5 U.S.C. § 552(a)(6)(A)(ii) (20-day determination timeline applies on remand from appeal).  Defendants do not specify in their Answer when Gourgen's death investigation ended, but their Answer admits that their records did not list it as an open investigation on May 8, 2019 – two days after they denied turning records over to Miran asserting that it was an open investigation.  FAC ¶¶ 112, 114; Answer ¶¶ 112, 114. On September 8, 2020, 16 months after the last denial, ICE turned over records referred to it from U.S. Citizenship and Immigration Service in response to the original FOIA request.  FAC ¶¶ 116.  Since the filing of this litigation, ICE has found documents responsive to the original FOIA request.  Mot. at 6.  But it has been more than 4 years since the original request, more than 3 years since the investigation into the death was closed, and it still took an administrative appeal and filing this lawsuit for Miran to get the records he requested.  ICE failed to make records promptly available to Miran.

Plaintiffs' request for partial judgment on the pleadings is GRANTED in part.

DHS CRCL failed to meet the 20-day determination deadline for Miran and the December 16, 2021 AOL request.  DHS CRCL failed to make records promptly available as to Plaintiff Miran.

ICE failed to meet the 20-day determination deadline as to all three Plaintiffs and on three of the above requests.  ICE failed to make records promptly available as to all three Plaintiffs.

### 3.    Declaratory judgment

Plaintiffs also seek declaratory relief.  Mot. 9-10.  Defendants argue that declaratory relief is not appropriate because they have resolved the issue.  Opp'n at 7-8.  The Court disagrees.  First, in the FOIA context, release of documents does not necessarily mean there is no longer a case or controversy warranting declaratory judgment.  Where "a plaintiff alleges a pattern or practice of FOIA violations and seeks declaratory or injunctive relief, those claims are not mooted by the production of requested documents if the plaintiff can show:" harm, that it was "not merely an isolated incident," and that "the plaintiff himself has a sufficient likelihood of future harm by the policy or practice."  Animal Legal Def. Fund v. United States Dep't of Agric., 933 F.3d 1088, 1092 (9th Cir. 2019) (internal quotation marks omitted).  Second, there are still many outstanding documents that have not yet been produced.  The claim is not moot.  Defendants claim that only two requests are completed: the DHS CRCL documents for the Gourgen request and that ICE has completed the Meta-FOIA request.  For the rest of the requests, they "continue to process documents."  Opp'n at 9, 11.  There is information that Plaintiffs have yet to obtain.  And a "plaintiff suffers an 'injury in fact' when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute."  Fed. Election Comm'n v. Akins, 524 U.S. 11, 21 (1998) (internal citations omitted).

The Court finds that declaratory judgment is an appropriate way address FOIA delays.  "The granting of declaratory relief rests in the sound discretion of the court exercised in the public interest.  The guiding principles are whether a judgment will clarify and settle the legal relations at issue and whether it will afford relief from the uncertainty and controversy giving rise to the proceedings."  Natural Res. Def. Council, Inc. v. EPA, 966 F.2d 1292, 1299 (9th Cir. 1992) (internal quotation marks omitted) (finding declaratory relief

appropriate because "deadlines are not aspirational - Congress set them and expected compliance" and an agency "does not have the authority to ignore unambiguous deadlines set by Congress"). Declaratory judgment in the FOIA context "can be a message not only to the parties but also to the public" as "the repeated, routine violation of [FOIA] deadlines by agencies has been a continual source of concern for Congress" and delays "continue as one of the most significant FOIA problems." Our Children's Earth Found. v. Nat'l Marine Fisheries Serv., Nos. 14-4365 SC, 14-1130 SC, 2015 WL 4452136, at *8 (N.D. Cal. Jul. 20, 2015) (internal quotation marks omitted) (granting declaratory judgment for an agency's repeated failure to meet the 20-day determination deadline).  Congress worried that "excessive delay by the agency in its response is often tantamount to denial" and thus the statute requires agencies "to respond to inquiries and administrative appeals within specific time limits." Gilmore, 33 F. Supp. 2d at 1187 (quoting H.Rep. No. 876, 93d Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6267, 6271, 6267).

Declaratory judgment, however, is not always an appropriate remedy for delay.  Courts grant declaratory judgment in the FOIA context only where there is a practice or policy of delayed disclosure that seems likely to repeat itself – rather than an isolated incident. Our Children's Earth Found., 2015 WL 4452136 at 7 ("Courts have also found declaratory judgment appropriate when the agency has violated the time limits in responding to a particular set of requests, the agency's violations are consistent, and they may recur."); Shapiro v. United States Dep't of Justice, 507 F. Supp. 3d 283, 336 (D.D.C. 2020) ("Courts in this circuit grant declaratory relief when they find that an agency has a policy or practice that violates FOIA, so long as there is at least some chance that the agency might continue to apply the policy in the future"); Navigators Ins. Co. v. United States Dep't of Justice, 155 F. Supp. 3d 157, 168 (D. Conn. 2016) ("in the FOIA context, courts have granted declaratory judgments where a plaintiff has shown that an agency engaged in a pattern or practice of delayed disclosure and that it is possible the violations will recur with respect to the same requesters") (collecting cases); Payne Enter. v. United States, 837 F.2d

486 (D.C. Cir. 1988) (agency's pattern of delay in responding to plaintiff's FOIA requests over a two-year period warranted declaratory relief).

While DHS CRCL has committed timeliness violations, its behavior has not formed a pattern sufficient to warrant declaratory relief. But the Court finds that declaratory judgment is appropriate as to Defendant ICE. For all three Plaintiffs ICE failed to provide a determination within 20 days and failed to make records promptly available. The particularly troublesome pattern is that, almost across the board and regardless of when the initial request was filed, ICE did not provide any response or any documents until *after* litigation was filed. It should not take a lawsuit for an agency to comply with FOIA.

Plaintiffs' request for declaratory judgment that ICE failed to timely produce responsive records and failed to comply with the 20-day statutory deadline for a determination is GRANTED.

## C.    Preliminary Injunction

Plaintiffs seek a preliminary injunction enjoining Defendants from withholding FOIA records and ordering Defendants to produce all records within thirty days or, in the alternative, increase the rate of the document production to 1000 documents per month. Mot. at 23-24. FOIA provides that courts may "enjoin [an] agency from withholding agency records and . . . order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). "But preliminary injunctions in FOIA cases are uncommon." Am. Oversight v. United States Dep't of State, 414 F. Supp. 3d 182, 184 (D.D.C. 2019).

Plaintiffs' request for preliminary injunction fails because Plaintiffs cannot show irreparable harm. "Under Winter, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." All. for the Wild Rockies, 632 F.3d at 1131.

Defendants have now agreed to and have begun to produce records at a pace of 500 for ICE records and 450 for DHS CRCL records. Mot.

at 24; Dkt. 69, p. 6-7. This means some, if not most, of the requests will be completed in the next few months, with the late outlier being the Yoc de Ramirez FOIA request from AOL, which is set to be completed in June 2024. Mot. at 24. Plaintiffs have not provided any imminent event that makes receiving these records now or at double the pace crucial. Plaintiffs claim it is relevant to the ongoing debate about immigration detention policy. Dkt. 74-8 ¶¶ 23-24 ("Requests will irreparably harm AOL's ability, and that of the public, to obtain in a timely fashion information vital to the current and ongoing debate" and "AOL is better able to disseminate information concerning an in-custody ICE death when it happens because of the news-cycle interest, rather than two years after a death."). But Plaintiffs have not pointed to any specific deadlines that makes the information crucial *now*. Cf. Protect Democracy Project, Inc. v. United States Dep't of Justice, 498 F. Supp. 3d 132, 142 (D.D.C. 2020) (finding there would be irreparable harm with regard to a FOIA request for documents related to a voter fraud task force because the "FOIA request is time sensitive due to the impending election," and ordering the production of the records prior to the election). Nor have Plaintiffs pointed to anything suggesting that this debate will leave the public consciousness anytime soon. Here the Plaintiffs' requested injunction would "compel production of the sought-after materials, at most, only marginally sooner than the agency has indicated it intends to complete its processing of the plaintiff's request without such compulsion." Daily Caller v. United States Dep't of State, 152 F. Supp. 3d 1, 13 (D.D.C. Dec. 8, 2015).

Because Plaintiffs cannot show irreparable harm, the preliminary injunction analysis need not proceed any further. Plaintiffs' request for a preliminary injunction is DENIED.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for partial judgment on the pleadings that Plaintiff Miran has constructively exhausted his administrative remedies is GRANTED. The Court retains jurisdiction over his claim. Plaintiffs' motion for partial judgment on the pleadings is GRANTED in part; the Defendants failed to meet the timeliness

requirements as found above.  Plaintiffs' motion for declaratory judgment that Defendants failed to timely produce responsive records and failed to comply with the 20-day statutory deadline is GRANTED as to Defendant ICE and DENIED as to Defendant DHS CRCL. Plaintiffs' motion for a preliminary injunction is DENIED.


IT IS SO ORDERED.


Date: January 12, 2023

Dale S. Fischer
United States District Judge