**GRANT & EISENHOFER P.A.**
Barbara J. Hart (*Pro Hac Vice*)
485 Lexington Ave., 29th Floor
New York, NY 10017
Tel: (646) 722-8512
bhart@gelaw.com

**AL OTRO LADO, INC.**
Karlyn Kurichety (Cal Bar No. 313265)
634 S Spring St, Suite 908
Los Angeles, CA 90014
Tel: (253) 882-8071
karlyn@alotrolado.org

*Attorneys for Plaintiffs*

[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen; AL OTRO LADO, INC.; and MIRAN MIRIMANIAN,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES,<br><br>Defendants. | Case 2:22-cv-00550-DSF-AJRx<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO PRESENT A REPRESENTATIVE SAMPLE OF THE CHALLENGED WITHHOLDINGS IN SUPPORT OF THEIR FORTHCOMING MOTION FOR SUMMARY JUDGMENT**<br><br>Before the Hon. Dale S. Fischer<br><br>Hearing Date: June 17, 2024<br><br>Hearing Time: 1:30 p.m.<br><br>Location: Courtrooom 7D |

1
**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO PRESENT A REPRESENTATIVE SAMPLE OF THE CHALLENGED WITHHOLDINGS IN SUPPORT OF THEIR FORTHCOMING MOTION FOR SUMMARY JUDGMENT**

This Court should deny Defendants' Motion for Leave to Present a Representative Sample of the Challenged Withholdings in support of their Forthcoming Motion for Summary Judgment (the "Motion"). The Motion fails to articulate any basis for the massive withholdings and redactions of records in response to Plaintiffs' requests under the Freedom of Information Act (FOIA). Additionally, a sampling of just two percent of the records withheld or redacted cannot guarantee that the proposed *Vaughn* sample will accurately capture all of the FOIA Exemptions in the frequency in which they are invoked.

### A.  THE PROPOSED SAMPLING IGNORES TECHNOLOGICAL ADVANCEMENTS AND FOIA REQUIREMENTS

In support of their proposal for representative sampling, Defendants cite *Bonner v. U.S. Dep't of State*, 928 F.2d 1148 (D.C. Cir. 1991) and *Shannahan v. IRS*, 672 F.3d 1142 (9th. Cir. 2012). Mot. at 2. These decisions precede advancements in technology-assisted review and e-discovery protocols, and they allowed for sampling based on the then-applicable high number of human labor hours required for document review. The technology platform now used by FOIA contractor Deloitte to run advanced information processing software renders obsolete the prior assumptions of hours required for document review. Deloitte openly cites ICE as a positive use case for the efficiencies with their e-discovery platform.[1]

Defendants' cited authorities also precede relevant amendments to FOIA. "[T]he 'core purpose of the FOIA[]' … is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" *Civil Beat Law Ctr. for the Pub. Interest, Inc. v. CDC & Prevention*, 929 F.3d 1079, 1091 (9th Cir. 2019) (citing *United States Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994)). In 2016, the FOIA Improvements Act amended FOIA's

---

[1] https://www2.deloitte.com/content/dam/Deloitte/us/Documents/finance/us-perspectives-on-freedom-of-information-act-program-effectiveness.pdf

exemptions to codify the government's "foreseeable harm" standard for the withholding of requested information. Agencies must now withhold information under FOIA "only if the agency reasonably foresees that disclosure would harm an interest protected by an exemption" or "disclosure is prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i).

Congress passed the FOIA Improvement Act "in part out of 'concerns that some agencies [were] overusing FOIA exemptions that allow, but do not require, information to be withheld from disclosure.'" *Reps. Comm. for Freedom of the Press v. Fed. Bureau of Investigation*, 3 F.4th 350, 369 (D.C. Cir. 2021) (quoting S. Rep. No. 4, 114th Cong., 1st Sess. 2 (2015)). The foreseeable-harm requirement is not a perfunctory regulation but "impose[s] an independent and meaningful burden on agencies." *Id.; see also Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 375 F. Supp. 3d 93, 100 (D.D.C. 2019) (foreseeable-harm requirement is a "heightened standard"). "Satisfying that burden requires more than the assertion of "speculative or abstract fears, ... fear of embarrassment," or "generalized assertions" of harm. *Reps. Comm. for Freedom of the Press*, 3 F.4th at 372. "Instead, what is needed is a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede" agency decision making or harm agency interests. *Id*. at 370.

Defendants' motion and affidavits are silent as to how or even if they intend to account for foreseeable harm -- even though they acknowledge that "[t]he volume of withholdings at issue in this case is quite large." Mot. at 2. Defendants have not cited any caselaw published since the FOIA Improvements Act that could be construed as supporting a position on "foreseeable harm." Until they do so, their withholdings violate FOIA and renders improper the relief sought.

### B. DEFENDANTS' PROPOSAL DOES NOT ENSURE A REPRESENTATIVE SAMPLE

Having withheld approximately 8,500 pages of records in full or in part, Defendants propose to review as little as 170 of those pages – just "two percent of all pages withheld" – to determine whether the government properly applied the FOIA Exemptions in withholding the records. Mot. at 3. Defendants have not carried their burden of demonstrating how such a small sample will fairly represent the vast number of withheld records under the multiple FOIA exemptions relied on, and in the frequency in which they are invoked.

The purpose of a *Vaughn* index is to enable the requester to ascertain "a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Campaign for Responsible Transplantation v. U.S. Food & Drug Admin.*, 219 F. Supp. 2d 106, 111-12 (D.D.C. 2002). "Such an index must describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemptions, and show that the justifications are not controverted by contrary evidence in the record or by evidence of agency bad faith." *Transgender Law Ctr. v. Immigration & Customs Enf't*, 46 F.4th 771, 781 (9th Cir. 2022) (citations omitted). "Without a proper *Vaughn* index, a requester cannot argue effectively for disclosure and [a] court cannot rule effectively." *Campaign For Responsible Transplantation*, 219 F. Supp. 2d at 116.

Defendants do not explain the basis for their proposed 2% sampling, nor do they cite any caselaw in support of that numerical frequency. Lack of support aside, Plaintiffs are particularly concerned that the proposed sampling methodology will not accurately reflect the Exemptions with the frequency in which they are claimed. Defendants assert they will "add records as necessary until each relevant Exemption appeared at least ten times," Mot. at 3, but this leaves open the possibility of a sampling of ten records out of several thousand which cite the same Exemption. Additionally,

the reasons for invoking a particular Exemption may vary, and the proposed sampling does not ensure that each individual explanation will be fairly captured.

If Defendants were interested in guaranteeing a representative sample based on frequency, the Motion would set forth all of the Exemptions claimed, their frequency in the withheld records, and a sampling methodology which ensures that the proposed *Vaughn* sample contains an approximate proportion of total invoked Exemptions. The Motion should be denied because it fails to do any of this, even though it can be accomplished using the e-discovery platform used by FOIA contractor Deloitte. While *Vaughn* samples may be appropriate in certain cases, any sampling must be more robust than the proposed methodology and guarantee that it covers all of the Exemptions invoked with their approximate total frequency.

### C.  PLAINTIFFS WILL CONTEST SPECIFIC WITHHOLDINGS FROM A VAUGHN SAMPLE

Any proposed *Vaughn* sample scenario must "afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Transgender Law Ctr.*, 46 F.4th at 782. To the extent the Court approves a sampling methodology, the sample should not include specific redactions raised by Plaintiff AOL. As AOL has identified specific redaction categories it wishes to challenge, those redactions would not be representative of the withholdings at issue on summary judgment. If these are included in the current total of 8,500 redactions, the AOL redactions inflate the total number of redactions at issue.

Plaintiffs intend to affirmatively challenge in their own summary judgment motion specific withholdings and categories of withholdings, including without limitation the lack of videos (despite the confirmation of videos in certain death records), IHSC Mortality Review or Root Cause reports, and contract discrepancy reports, corrective action plans, or other contract records relevant

to Plaintiffs Owen and Mirimanian. These challenges are consistent with the Court's obligation to review *de novo* the agency's withholdings. *See Favish v. Office of Indep. Counsel*, 217 F.3d 1168, 1172 (9th Cir. 2000) ("Deference to the determination of the agency that the exemption applies is not due; the burden of the proof that the request may be properly denied because of an exemption rests with the agency. The court 'shall determine the matter de novo.'") (citing 5 USC 552(a)(4)); *Rojas v. FAA*, 941 F.3d 392 (9th Cir. 2019) (reviewing agency FOIA exemptions *de novo*).

Plaintiffs further request that if the Court approves a sampling methodology, any successful challenge by Plaintiff nullifies all of Defendants' invocations of the challenged Exemption.

For all of the foregoing reasons, Plaintiffs request that the Court deny Defendants' Motion.

Respectfully submitted,

Dated:  May 28, 2024

By:   */s/ Barbara J. Hart*
Barbara J. Hart (*Pro Hac Vice*)
**GRANT & EISENHOFER P.A.**
485 Lexington Ave, 29th Floor
New York, NY 10017
Tel: (646) 722-8512
bhart@gelaw.com

M. Elizabeth Graham (Cal. Bar No. 143085)
**GRANT & EISENHOFER P.A.**
201 Mission Street, Suite 1200
San Francisco, California 94105
Tel: 415-293-8210
egraham@gelaw.com

Karlyn Kurichety (Cal Bar No. 313265)
634 S Spring St, Suite 908
Los Angeles, CA 90014
Tel: (253) 882-8071
karlyn@alotrolado.org