UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFONIA

| | |
|---|---|
| TAMMY JANE OWEN as the Administrator of the Estate of Benjamin James Owen; AL OTRO LADO, INC.; and MIRAN MIRIMANIAN,<br>Plaintiffs,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; and U.S. DEPARTMENT OF HOMELAND SECURITY – OFFICE FOR CIVIL RIGHTS AND CIVIL LIBERTIES,<br>Defendants, | Case 2:22-cv-00550-DSF-AJRx |

**FOURTH DECLARATION OF FERNANDO PINEIRO**

I, Fernando Pineiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the FOIA Director of the U.S. Immigration and Customs Enforcement ("ICE") Freedom of Information Act ("FOIA") Office (the "ICE FOIA Office"). The ICE FOIA Office is responsible for processing and responding to all FOIA, 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a, requests received at ICE. I have held this position since August 14, 2022, and I am the ICE official immediately responsible for supervising ICE responses to requests for records under FOIA and the Privacy Act and other applicable records access statutes and regulations. Prior to holding this position, I was the Deputy FOIA Officer of the ICE FOIA Office from December 29, 2013, to August 13, 2022, and, prior to that. I was the FOIA Officer for three years at the Office for Civil Rights and Civil Liberties at the U.S. Department of Homeland Security.

2. As the Director of the ICE FOIA Office, my official duties and responsibilities include the general management, oversight, and supervision of the ICE FOIA Office regarding the processing of FOIA and Privacy Act requests received at ICE. In connection with my official duties and responsibilities, I am familiar with ICE's procedures for responding to requests for information

pursuant to the FOIA and the Privacy Act.

3.   In that respect, I am familiar with ICE's processing of Plaintiffs' FOIA requests submitted to ICE which are the subjects of this litigation.

4.   I make this declaration in my official capacity based on my personal knowledge, my review of records kept by ICE in the ordinary course of business, and information provided to me by other ICE employees in the course of my official duties.

5.   In my third declaration and its accompanying *Vaughn* index, ECF No. 110, I described the searches that ICE conducted in response to the FOIA requests at issue in this litigation, and the responsive material that ICE withheld under one or more FOIA exemptions.

6.   The withholdings made from documents produced to Plaintiffs on December 29, 2022 (Bates Nos. 3038 through 3445) were inadvertently omitted from that declaration. Exempt records, or portions thereof, were withheld from that production under FOIA Exemptions 5, 6, 7(C), and 7(E).

7.   Under Exemption 5, ICE withheld in full draft documents that are responsive to the Miramanian Request, namely drafts of all or part of the Detainee Death Review, and associated documents. These withholdings are justified for the reasons set out in paragraphs 40 through 43 of my third declaration. The following documents were withheld:

   a.   Draft detainee death review, with redline edits and comment bubbles, transmitted 9/10/18 (Bates 3071–90). Copy at Bates 3231–50.

   b.   Draft detainee death review, with redline edits and comment bubbles, transmitted 9/10/18 (Bates 3092–111). Apparently later than Bates 3071–90.

   c.   Draft of preliminary deficiencies and concerns, transmitted 5/10/18 (Bates 3115–16).

   d.   Clean draft of Miramanian detainee death review, transmitted 9/11/18 (Bates 3120–37).

   e.   Clean draft of Miramanian detainee death review and cover memo, transmitted

9/11/18 (Bates 3139–60).

   f.  Clean draft of Miramanian preliminary findings, with watermark, transmitted 5/11/18 (Bates 3209–11).

   g.  Draft detainee death review, with redline edits and comment bubbles, transmitted 9/10/18 (Bates 3254–71). Apparently later than Bates 3092–111.

   h.  Clean draft of cover memo to Miramanian detainee death review, with watermark, transmitted 9/14/18 (Bates 3287–90).

   i.  Draft Miramanian detainee death review and cover memo, with comment bubbles, transmitted 9/27/18 (Bates 3366–87).

8. Under Exemptions 6 and 7(C), ICE withheld the same categories of identifying information for the same reasons and pertaining to the same classes of individuals described in paragraphs 48 through 58 of my third declaration.

9. Under Exemption 7(E), ICE withheld information that fell into one of the seven categories set forth in the *Vaughn* index that accompanied my third declaration, for the same reasons described in that *Vaughn* index. Information was withheld from the following pages for the reasons set forth in Entry No. 1 of the *Vaughn* index: Bates 3044, 3221, 3227, 3393–94, 3439. Information was withheld from the following pages for the reasons set forth in Entry No. 2 of the *Vaughn* index: Bates 3167, 3172, 3200–01, 3214, 3275, 3346. Information was withheld from the following pages for the reasons set forth in Entry No. 3 of the *Vaughn* index: Bates 3048, 3113, 3293, 3295, 3298, 3301, 3343–44, 3444. Information was withheld from the following pages for the reasons set forth in Entry No. 4 of the *Vaughn* index: Bates 3157, 3162, 3406–23.

10. All of this withheld information was reviewed for segregability as described in paragraphs 63 and 64 of my third declaration.

11. Today, ICE made a discretionary supplemental release to Plaintiffs of responsive material that had previously been withheld under claim of exemption, but was not included in my third declaration. Only the records and portions thereof described in that declaration or this one are currently withheld from Plaintiffs under a FOIA exemption.

I declare under penalty of perjury that the forgoing is true and correct to the best of my knowledge and belief.

Signed this 8th day of October 2024.

FERNANDO PINEIRO JR
Digitally signed by FERNANDO PINEIRO JR
Date: 2024.10.08 17:28:43 -04'00'

Fernando Pineiro, FOIA Director
Freedom of Information Act Office
U.S. Department of Homeland Security
U.S. Immigration and Customs Enforcement
500 12th Street, S.W., Stop 5009
Washington, DC 20536-5009