James Bickford (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632

Attorney for Defendants
U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et al.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| TAMMY JANE OWEN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., <br><br> Defendants. | Case No. 2:22-cv-00550-DSF-AJRx <br><br> **CRCL'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** <br><br> Before the Hon. Dale S. Fischer |

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

BACKGROUND ...............................................................................................................1

STATEMENT.....................................................................................................................3

   A.   CRCL has complied with the Mirimanian Request and is entitled to summary judgment on the adequacy of its search............................................3

   B.   CRCL is entitled to summary judgment on its Exemption 5 withholdings.....5

     i.   Release of the exempt information would lead to reasonably foreseeable harm..............................................................................................................5

    ii.   All reasonably segregable nonexempt information has been released. ......11

CONCLUSION............................................................................................... 12

i

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

# TABLE OF AUTHORITIES

**Cases**

*Americans for Fair Treatment v. U.S. Postal Serv.*,
  663 F. Supp. 3d 39 (D.D.C. 2023) .................................................................... 9

*Citizens Comm'n on Hum. Rts. v. Food & Drug Admin.*,
  45 F.3d 1325 (9th Cir. 1995) ............................................................................ 4

*Coastal States Gas Corp. v. Dep't of Energy*,
  617 F.2d 854 (D.C. Cir. 1980) .................................................................... 8, 10

*Dep't of Interior v. Klamath Water Users Protective Ass'n*,
  532 U.S. 1 (2001) ........................................................................................ 7, 10

*FTC v. Warner Commc'ns Inc.*,
  742 F.2d 1156 (9th Cir. 1984) .......................................................................... 7

*Grand Cent. P'ship, Inc. v. Cuomo*,
  166 F.3d 473 (2d Cir. 1999) ............................................................................. 8

*Lahr v. Nat'l Transp. Safety Bd.*,
  569 F.3d 964 (9th Cir. 2009) ............................................................................ 3

*LatinoJustice PRLDEF v. Department of Treasury*,
  2024 WL 965653 (S.D.N.Y. Mar. 5, 2024) ...................................................... 9

*Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp*,
  376 F.3d 1270 (11th Cir. 2004) ........................................................................ 8

*Providence Journal Co. v. U.S. Dep't of Army*,
  981 F.2d 552 (1st Cir. 1992) ............................................................................ 8

*Rojas v. FAA*,
  989 F.3d 666 (9th Cir. 2021) ............................................................................ 7

*NLRB v. Sears, Roebuck & Co.*,
  421 U.S. 132 (1975) .......................................................................................... 7

*Seife v. FDA*,
  43 F.4th 231 (2d Cir. 2022) .......................................................................... 6, 8

*Transgender Law Ctr. v. ICE*,
  46 F.4th 771 (9th Cir. 2022) ...................................................................................4

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*,
  141 S. Ct. 777 (2021) ..............................................................................7, 8, 11

*Weisberg v. U.S. Dep't of Just.*,
  745 F.2d 1476 (D.C. Cir. 1984) ..............................................................................4

*Zemansky v. U.S. EPA*,
  767 F.2d 569 (9th Cir. 1985)...................................................................................3

**Statutes**

5 U.S.C. § 552(a)(8)(A)(i)(I) ...................................................................................6

5 U.S.C. § 552(b) ..................................................................................................11

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

## INTRODUCTION

In response to the Court's recent summary judgment order, the Office of Civil Rights and Civil Liberties ("CRCL") of the U.S. Department of Homeland Security submits an additional declaration describing its searches for records responsive to the portion of the Freedom of Information Act ("FOIA") requests at issue here that are directed to CRCL. The declaration also explains why the release of the deliberative materials described in CRCL's previous summary judgment briefs would cause foreseeable harms to interests protected by Exemption 5 of the Freedom of Information Act ("FOIA"). The declaration further explains why there are no additional non-exempt portions of records that could reasonably be segregated from the exempt portions and released. On the basis of this declaration, CRCL is entitled to summary judgment in its favor on the validity of its Exemption 5 withholdings, and it is also entitled to summary judgment as to the adequacy of its search in response to the Mirimanian Request.

## BACKGROUND

This case concerns five FOIA requests submitted to two components of DHS: CRCL and U.S. Immigration and Customs Enforcement ("ICE"). After CRCL and ICE completed their responses to these requests, the parties filed cross-motions for summary judgment. Plaintiffs challenged the adequacy of all searches except one, and all withholdings under claim of exemption.

1

The Court concluded that the affidavits submitted by CRCL and ICE in support of their motion "explain[ed] that Defendants tasked the office or offices reasonably likely to possess responsive records with searching the locations likely to contain those records." ECF No. 120 at 4. But the Court nonetheless found that neither agency had met its burden to establish that it had conducted an adequate search. The Court concluded that CRCL "cannot meet its burden because of its failure to identify the search terms used to search for responsive records." *Id.* at 5. The Court also said that CRCL had "failed to produce any documents responsive to the Mirimanian Request despite 'positive indications of overlooked materials.'" *Id.* (As discussed below, CRCL did produce documents in response to the Mirimanaian Request.) As to ICE, the Court held that the agency's failure to "use consistent search terms," or explain why it had not done so, prevented the agency from meeting its "burden to prove beyond material doubt that it conducted an adequate search." *Id.* at 6. The Court therefore "grant[ed] Plaintiffs' motion for summary judgment as to the adequacy of Defendants' searches" and "direct[ed]" the agencies to "comply with Plaintiffs' FOIA requests and submit new declarations that detail their search terms and procedures." *Id.* at 6–7.

Turning to the material withheld as exempt, the Court found that both CRCL and ICE had "met their burden" of showing that the records withheld in whole or in part under Exemption 5 were "predecisional and deliberative." *Id.* at 9. But the

2

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

Court went on to hold that "Defendants' declarations and *Vaughn* indexes fail to establish the foreseeable harm from disclosure of these documents." *Id.* at 10. And the Court also found that "Defendants have failed to demonstrate that they have disclosed all segregable portions of these withheld documents." *Id.* at 11. The Court therefore "denie[d] Defendants' motion for summary judgment and grant[ed] Plaintiffs' motion for summary judgment as to documents withheld under exemption 5," and "direct[ed] Defendants to submit affidavits explaining the foreseeable harm from disclosure of these documents and describing in more detail the withheld portions of these documents" so that the Court and Plaintiffs could assess whether all reasonably segregable non-exempt material had been released. *Id.* at 12.

Finally, the Court granted Defendants' motion for summary judgment and denied Plaintiffs' cross-motion for summary judgment as to the material withheld under Exemptions 6, 7(C), and 7(E). *Id.* at 12–17.

**STATEMENT**

**A.   CRCL has complied with the Mirimanian Request and is entitled to summary judgment on the adequacy of its search.**

In responding to a FOIA request, government agencies must conduct searches "reasonably calculated to uncover all relevant documents." *Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 986 (9th Cir. 2009). To demonstrate that it has conducted a reasonable search, an agency may produce "reasonably detailed, nonconclusory

3

1  affidavits submitted in good faith." *Zemansky v. U.S. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (citing *Weisberg v. U.S. Dep't of Just.*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)); *see also Citizens Comm'n on Hum. Rts. v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995). The agency's ultimate burden is to prove the adequacy of its search "beyond material doubt." *Transgender Law Ctr. v. ICE*, 46 F.4th 771, 780 (9th Cir. 2022).

CRCL has now done so. In response to the Mirimanian Request, CRCL initially searched its electronic complaint management system for "Gourgen Mirimanian" and for Mr. Mirimanian's alien number. 5th Law Decl. ¶ 10. In October 2022, CRCL produced 18 pages of partially withheld, responsive records that were identified by this search, and withheld two pages in full. *Id.* ¶ 11. Other potentially responsive records were referred to ICE or the DHS Office of Inspector General for processing. *Id.* ¶ 12. In August of this year, CRCL partially released the two pages that it had previously withheld in full. *Id.* ¶ 11. The withholdings from these twenty pages of documents responsive to the Mirimanian Request were included in CRCL's *Vaughn* index which accompanied its motion for summary judgment. *Id.*

After the release of the Court's summary judgment opinion, CRCL conducted a new search of its electronic complaint system using "Gourgen" and "Mirimanian" as separate search terms, along with several variations of Mr. Mirimanian's alien

4

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

number, and a pseudonym that CRCL created to protect his identity in the course of its investigations . *Id.* ¶ 14.  That search returned five additional responsive records, which have now been released in part.[1]  CRCL's search in response to the Mirimanian Request was reasonably calculated to uncover all responsive records, and the agency is therefore entitled to summary judgment as to the adequacy of its search.

CRCL is conducting new searches in response to the CRCL Report Request, and will produce any newly identified non-exempt responsive records or reasonably segregable portions thereof on a rolling basis, as it has previously done in this case. *Id.* ¶ 31.

**B.   CRCL is entitled to summary judgment on its Exemption 5 withholdings.**

**i.   Release of the exempt information would lead to reasonably foreseeable harm.**

As CRCL has previously explained, it withheld records under the deliberative process privilege incorporated within FOIA Exemption 5.  CRCL withheld tentative findings and recommendations from expert reports prepared for its review, email

---

[1] Withholdings from these documents were made under the deliberative process privilege as incorporated by Exemption 5, and to protect identifying information under Exemptions 6 and 7(C), for substantially the same reasons discussed in the government's motion for summary judgment.  5th Law Decl. ¶¶ 16–20.

communications, and memoranda that it transmitted to ICE,[2] as well as portions of several email chains in which agency employees deliberated over agency responses to complaints,[3] and one draft letter to ICE, 3d Law Decl., *Vaughn* Index No. 166.

Under the FOIA Improvement Act of 2016, as relevant here, an agency can "withhold information only if it show[s] that the information both f[a]ll[s] within an exemption of FOIA" and "that disclosure of the requested information would foreseeably harm [an] interest" protected by that exemption. *Seife v. FDA*, 43 F.4th 231, 235 (2d Cir. 2022); *see* 5 U.S.C. § 552(a)(8)(A)(i)(I) (authorizing withholding where "the agency reasonably foresees that disclosure would harm an interest protected by an exemption described in subsection (b)"). The Court has already held that the agencies' challenged withholdings satisfy the first half of that test, because the material withheld is both predecisional and deliberative, and therefore within the scope of the deliberative process privilege as incorporated by Exemption 5. ECF No. 120 at 9.

The second half of the statutory test has two parts. First, the Court must determine "what are the interests protected by Exemption [5]," and in particular the deliberative process privilege that it incorporates. *Seife*, 43 F.4th at 239. And then

---

[2] 3d Law Decl., ECF No. 111, *Vaughn* Index Nos. 1, 3–7, 39–46, 50, 52, 60–65, 73, 87–88, 91–93, 110, 115–16, 120, 142–46.
[3] *Id.*, *Vaughn* Index Nos. 112–13, 131, 149, 151.

6

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

the Court must assess whether the agencies' declarations establish "that disclosure would result in foreseeable harm to such an interest." *Id.*

The interests protected by the deliberative process privilege are well-defined. The privilege is intended "to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8-9 (2001) (citation omitted). The privilege "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news." *Id.*; *see also U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021) ("To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure."); *Rojas v. FAA*, 989 F.3d 666, 673 (9th Cir. 2021); *FTC v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984). "Manifestly, the ultimate purpose of this long-recognized privilege is to prevent injury to the quality of agency decisions." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 (1975).

As one court has summarized it, the privilege serves (1) "to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism"; (2) "to protect against premature disclosure of proposed policies before they have been finally formulated or adopted"; and (3) "to protect

7

against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980); *accord Moye, O'Brien, O'Rourke, Hogan, & Pickert v. Nat'l R.R. Passenger Corp*, 376 F.3d 1270, 1277 (11th Cir. 2004); *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 481 (2d Cir. 1999); *Providence Journal Co. v. U.S. Dep't of Army*, 981 F.2d 552, 557 (1st Cir. 1992).

If the disclosure of deliberative material would foreseeably reduce candor between agency officials (which the cases sometimes refer to as a "chilling effect"), then the material may be withheld, because reductions in candor harm an interest protected by the privilege. *See, e.g.*, *U.S. Fish & Wildlife Serv.*, 141 S. Ct. at 785. If the disclosure would foreseeably cause premature disclosure of proposed policies, or would foreseeably mislead or confuse the public, then the material may similarly be withheld, because premature disclosures and confusion also harm interests protected by the deliberative process privilege. *See, e.g.*, *Coastal States*, 617 F.2d at 866.

To show that disclosure of the withheld records "would result in foreseeable harm to . . . an interest" protected by the deliberative process privilege, however, *Seife*, 43 F.4th at 239, an agency "cannot simply rely on generalized assertions that

8

disclosure could [harm an interest protected by the privilege] to justify withholding records under the . . . foreseeable-harm provision," but instead must "specifically focus[] on the information at issue" and the foreseeable harms of its disclosure in particular, *LatinoJustice PRLDEF v. Department of Treasury*, 2024 WL 965653, at *8 (S.D.N.Y. Mar. 5, 2024). Where courts have rejected an agency's invocation of chilling, public confusion, or premature disclosure of proposed policies, they have done so because those proffered harms were not sufficiently tied to the release of the particular information at issue in that case. *See, e.g.*, *Americans for Fair Treatment v. U.S. Postal Serv.*, 663 F. Supp. 3d 39, 60–61 (D.D.C. 2023).

In its newly-submitted declaration, CRCL has specifically focused on the foreseeable harms from the particular information at issue in the documents that it has withheld under the deliberative process privilege. CRCL has withheld from memoranda and expert reports and other records tentative findings and recommendations that were not ultimately adopted. 5th Law Decl. ¶ 32. When CRCL investigates allegations of civil rights violations, by ICE or another component of DHS, it often commissions an expert report. CRCL then prepares a memorandum proposing findings and making recommendations, which it transmits to the DHS component under investigation. When that component concurs in the findings or recommendations, they generally become the final position of DHS. But

9

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

when ICE or another component does not concur in CRCL's findings or recommendations, they do not become the position of the Department. *Id.*

CRCL memoranda and the expert reports on which they are based are prepared before DHS has made a decision about the veracity of the allegations under investigation, or any policy changes that should be made in response to them. *Id.* ¶ 33. The tentative findings and recommendations are essentially a proposal made by one DHS component (CRCL) to another (in this case, ICE) about what conclusions the larger Department of Homeland Security should reach in response to a given complaint. CRCL has only withheld tentative findings and recommendations that were not adopted by the Department of Homeland Security, because its components disagreed. *Id.* Their release would be a "premature disclosure" of "proposed" findings and recommendations that were not "finally . . . adopted." *See Coastal States*, 617 F.2d at 866. Because such releases harm interests protected by the deliberative process privilege, CRCL was entitled to withhold these tentative findings and recommendations.

Moreover, the release of the records withheld by CRCL would make clear to agency officials that they could not, in the future, "communicate candidly among themselves" in preparing draft memoranda, reports, and summaries regarding the deaths of detainees in ICE custody, or in making tentative findings and recommendations about alleged civil rights violations. *Klamath*, 532 U.S. at 8–9.

10

To the contrary, every tentative finding or recommendation would be accompanied by "the prospect of disclosure" and its unavoidable "chilling effect." *U.S. Fish & Wildlife Serv.*, 141 S. Ct. at 785. *See* 5th Law Decl. ¶¶ 36–37. This reduction in candor would harm the deliberative processes that are protected by Exemption 5, and therefore provides an independent basis for CRCL to withhold this deliberative material.

**ii.     All reasonably segregable nonexempt information has been released.**

Under the Freedom of Information Act, "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). CRCL has complied with this requirement in making its withholdings under Exemption 5, as its newly submitted declaration shows.

CRCL has properly segregated and released all non-exempt portions of the documents from which it has withheld tentative findings and recommendations. The tentative findings and recommendations themselves are exempt, for the reasons explained above. And the non-exempt portions of the records containing that exempt material have been segregated and released, as required by statute. *See* 5th Law Decl. ¶¶ 34–35.

11

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

# CONCLUSION

CRCL is entitled to summary judgment in its favor as to the validity of its withholdings under FOIA Exemption 5. And CRCL is also entitled to summary judgment in its favor as to the adequacy of its search in response to the Mirimanian Request.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

Date: December 20, 2024

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2,557 words, which complies with the word limit of L.R. 11-6.1.

*/s/ James Bickford*

*Owen v. ICE*, No. 2:22-cv-00550-DSF-AJRx
CRCL Supplemental Summ. J. Br.

Date: December 20, 2024